■ DAVID WEINER, Individually and as Administrator of the Estate of DALE KORN, Deceased, Appellant, v LENOX HILL HOSPITAL et al., Respondents. [597 NYS2d 58] —Order, Supreme Court, New York County (Jacqueline Silbermann, J.), entered on or about November 19, 1991, which, *inter alia,* granted defendants' motion and cross-motion dismissing plaintiff's sixth cause of action, unanimously reversed, on the law, to the extent appealed from, and the sixth cause of action is reinstated, without costs; and the orders of said court, entered on or about March 9, 1992, and September 11, 1992, which, respectively, denied plaintiff's motion to renew and, upon reconsideration, granted renewal and reargument and adhered to its initial determination, are dismissed as academic, without costs.

Plaintiff-appellant, David Weiner, brings this negligence action as administrator of the estate of Dale Korn, his mother, to recover damages for her wrongful death, pain and suffering, and in his individual capacity, for derivative claims asserted as her son. This litigation stems from blood transfusions received by the decedent, allegedly from the blood banks of defendants Lenox Hill Hospital and the New York Blood Center, Inc., during the period October through December 1984. The blood was contaminated with the AIDS virus, and decedent died from AIDS-related illnesses on June 20, 1990.

Defendant New York Blood Center, Inc. moved, and co-defendant Lenox Hill Hospital cross-moved, to dismiss the third, fourth, fifth and sixth causes of action in the complaint. Plaintiff consented to the striking of the third, fourth and fifth causes of action, which allege breach of warranty and strict liability in torts, but contested the dismissal of the sixth, pursuant to which plaintiff seeks damages, as an individual, for alleged loss of services. The sole issue on appeal is the IAS Court's grant of the motions to dismiss this cause of action as well.

In dismissing the sixth cause of action, the IAS Court reasoned that this claim based, *inter alia,* upon the loss of his mother's services, could not survive defendants' motions to dismiss pursuant to CPLR 3211 (a) (7) because "plaintiff was not an infant at the time of decedent's death and * * * did not put forward any facts to establish that his deceased mother was under any legal or contractual obligation to support plaintiff." This was error.

In a matter recently decided, *Gonzalez v New York City Hous. Auth.* (77 NY2d 663, 668-669), the Court of Appeals

reaffirmed a long-standing principle that a plaintiff could not be barred from the recovery of damages for pecuniary injuries arising from the death of a parent simply because he was a self-supporting adult at the time of the death *(see, Tilley v Hudson Riv. R. R. Co.,* 29 NY 252). In the case at bar, plaintiff's factual allegations asserted that he and his twin brother resided with their mother until the time of her death, and that she provided "substantial services" in the form of meal preparation, grocery shopping, housekeeping, and other household services. This was sufficient to defeat defendants' motion since, on a motion pursuant to CPLR 3211 (a) (7), "the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" *(Guggenheimer v Ginzburg,* 43 NY2d 268, 275; *see, Foley v D'Agostino,* 21 AD2d 60, 64-65). Concur—Sullivan, J. P., Kupferman, Asch and Kassal, JJ.