■ FOURTH BRANCH ASSOCIATES MECHANICVILLE, Appellant, v NIAGARA MOHAWK POWER CORPORATION, Respondent. [653 NYS2d 412] —Carpinello, J. Appeal from an order of the Supreme Court (Harris, J.), entered November 9, 1995 in Albany County, which granted defendant's motion to dismiss the complaint for, *inter alia*, failure to state a cause of action.

Defendant owns a hydroelectric site (hereinafter the site) adjacent to New York State Lock C-2 on the Hudson River, near the Town of Halfmoon in Saratoga County. In 1987, defendant entered into a licensing agreement with plaintiff, a corporation active in hydroelectric development. The intent of this agreement was to redevelop the site to increase its energy generation and capacity and to facilitate the relicensing of the site by the Federal Energy Regulatory Commission (hereinafter FERC). Defendant would retain ownership of the site but plaintiff would develop the site, with the goal of realizing a long-term gain from the profitable sale of power.

The parties applied to FERC for a joint license that would supersede defendant's existing license. In 1989, the parties signed an operation and management agreement (hereinafter O & M agreement), an energy sales agreement (hereinafter ESA) and a lease agreement. The O & M agreement provided for interim management of the site until the revocation of the existing license, at which time the lease agreement would take

effect. The O & M agreement and the ESA both specified that defendant was required to submit them to the State Public Service Commission (hereinafter PSC) for approval. The PSC approved the O & M agreement but disapproved the ESA and the lease agreement, stating that the latter two agreements were premature since FERC had not yet issued a license for the upgraded site and another company had submitted a competing license application.

FERC awarded the new license in June 1993. In September 1993, defendant gave 90-day notice of termination of the O & M agreement. Defendant also refused to reinstate the provisions of the ESA or the lease agreement, contending that these contracts were ineffective as they had been abrogated by the PSC. Plaintiff filed the instant action, containing causes of action for, *inter alia*, breach of contract, fraud, prima facie tort, promissory estoppel and quasi-contract. Supreme Court granted defendant's motion to dismiss the complaint in its entirety pursuant to CPLR 3211 (a) (1) and (7). Plaintiff appeals.

Supreme Court properly dismissed the first and second causes of action, which allege fraud and aiding and abetting common-law fraud. It is well settled that a cause of action for fraud does not arise where, as here, the fraud alleged relates to a breach of contract (*see, Brumbach v Rensselaer Polytechnic Inst.*, 126 AD2d 841, 843; *Trusthouse Forte [Garden City] Mgt. v Garden City Hotel*, 106 AD2d 271, 272).

Plaintiff's third cause of action, for negligent misrepresentation, was also legally insufficient. Despite plaintiff's argument that the parties' alleged joint venture created a fiduciary relationship, it is clear from the record in this case that the parties' relationship grew out of the several contracts that they executed with regard to this project, including the 1987 licensing agreement and the 1989 O & M agreement, both of which were approved by the PSC and effective as of the commencement of this action. It is well settled that a simple breach of contract is not a tort unless a legal duty independent of the contract has been violated (*see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 389). "This legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract" (*supra*, at 389). As plaintiff itself alleged in its complaint that its claim rested in part upon the agreements between the parties, the third and tenth causes of action were properly dismissed.

For similar reasons, plaintiff's sixth cause of action, sounding in quasi-contract, is also legally insufficient. "The existence

of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter" (*supra*, at 388). Here, the O & M agreement and the licensing agreement were both effective and enforceable as of the commencement of this action. As written contracts governed the obligations of the parties at the time this action was filed, Supreme Court correctly dismissed this cause of action.

Supreme Court properly dismissed plaintiff's seventh and eighth causes of action, based upon a claim of promissory estoppel, as plaintiff has failed to identify a clear and unambiguous promise from defendant upon which it reasonably relied to its detriment (*see, Freedman & Son v A.I. Credit Corp.*, 226 AD2d 1002, 1003; *Silver v Mohasco Corp.*, 94 AD2d 820, 822, *affd* 62 NY2d 741).*

Supreme Court erred, however, in dismissing that portion of the fourth cause of action as alleged a breach of the licensing agreement, the ESA and the lease agreement and the fifth cause of action, insofar as it alleged a breach of the duty of good faith and fair dealing with regard to those agreements. A motion to dismiss pursuant to CPLR 3211 (a) (7) should be denied where the pleading states a cause of action and where "from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275; *see, Weiner v Lenox Hill Hosp.*, 193 AD2d 380, 381). At this juncture, we are required to take plaintiff's allegations as true (*see, Johnson v Jamaica Hosp.*, 62 NY2d 523, 526). In the licensing agreement, defendant agreed to prospectively negotiate a mutually acceptable lease/power sale arrangement for the newly-redeveloped site. Plaintiff has alleged that defendant breached the licensing agreement by refusing to enter into suitable agreements that are necessary to comply with the FERC license. Plaintiff also alleges that defendant has adopted a policy of reducing the amount of power it purchased from nonutility generators and has provided monetary awards and other incentives to employees who successfully abrogate defendant's contractual obligations with nonutility generators. At this juncture, and based upon these allegations, we conclude that plaintiff has stated a cause of action for breach of the licensing agreement.

---

* Plaintiff has failed to include arguments in its appellate brief with regard to that portion of the fourth cause of action as alleged a breach of the O & M agreement, and with regard to its 9th, 11th, 12th and 13th causes of action. Accordingly, we consider plaintiff to have abandoned these issues on appeal (*see, Gibeault v Home Ins. Co.*, 221 AD2d 826, 827, n 2).

With respect to the ESA and the lease agreement, it cannot be said as a matter of law that the PSC's disapproval of same abrogated the agreements or rendered them unenforceable, as claimed by defendant when it refused to comply with the terms of the agreements.

Defendant's defense is based upon the theory that the PSC rejected the substantive provisions of the two agreements. It appears, however, that the PSC's determination was not based upon its review of the substantive provisions of the agreements, but solely upon the PSC's policy of refusing to approve such agreements when there is competition before FERC over a hydroelectric license. It is clear that the parties were well aware of the critical nature of the issuance of the Federal license, for they expressly made both agreements effective upon the issuance of the license. It is also clear from the record that defendant was well aware of the PSC's policy regarding disapproval of premature agreements when defendant submitted the agreements to the PSC before the Federal license was issued.

Viewed in the light most favorable to plaintiff, the factual allegations demonstrate that plaintiff has a claim that defendant breached its obligation to act in good faith by submitting the agreements before the Federal license was issued with knowledge of the PSC's policy and by refusing to resubmit the agreements to the PSC after the license was issued. Defendant refers to language in the PSC's determination which implies that no agreement negotiated prior to the issuance of a Federal license can ever be approved because the agreement must reflect the policies in effect when the license is issued. The PSC's language is pure dictum, for regardless of when the agreements were negotiated, it cannot be determined whether the substantive provisions of the agreements reflect the policies in effect when the license is issued until the license is actually issued. It is entirely possible that no changes in the relevant policies occurred between the date of the agreements and the issuance of the license or that the parties correctly anticipated the changes that did occur.

For the aforesaid reasons, we find that plaintiff has stated a cause of action as to defendant's alleged breach of the duty of good faith and fair dealing with regard to the licensing agreement, the ESA and the lease agreement. "Implied in every contract is a covenant of good faith and fair dealing * * *, which is breached when a party to a contract acts in a manner that, although not expressly forbidden by any contractual provision, would deprive the other party of the right to receive the

benefits under their agreement" (*Jaffe v Paramount Communications*, 222 AD2d 17, 22-23 [citation omitted]; *see, Gordon v Nationwide Mut. Ins. Co.*, 30 NY2d 427, 437, *cert denied* 410 US 931; *Chrysler Credit Corp. v Dioguardi Jeep Eagle*, 192 AD2d 1066, 1067). Since plaintiff's allegations, taken as true, manifest a cause of action, Supreme Court should not have dismissed the fifth cause of action insofar as it stated a claim for breach of the covenant of good faith and fair dealing with regard to said agreements.

We decline plaintiff's request for leave to replead those causes of action this Court finds to be legally insufficient, as our review of the record as a whole indicates that plaintiff cannot plead a sound cause of action with regard to those claims (*see, Hornstein v Wolf*, 67 NY2d 721, 723).

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion dismissing plaintiff's fourth cause of action for breach of the licensing agreement, the ESA and the lease agreement and plaintiff's fifth cause of action for breach of the duty of good faith and fair dealing with regard to said agreements; motion denied regarding said causes of action; and, as so modified, affirmed.