■ ENRICO & SONS CONTRACTING, INC., Appellant-Respondent, v BRIDGEMARKET ASSOCIATES et al., Respondents-Appellants. [675 NYS2d 351] —Order, Supreme Court, New York County (Louis York, J.), entered on or about September 19, 1996, which, to the extent appealed from, granted plaintiff's motion for partial summary judgment on the issue of liability with respect to plaintiff's second and third causes of action, granted defendants' motion for leave to amend their answer to assert a second counterclaim for breach of contract, and denied plaintiff's motion for an immediate trial on damages pending the completion of discovery, unanimously modified, on the law, to deny plaintiff's motion for partial summary judgment, and otherwise affirmed, without costs.

This is an action arising out of an abandoned project for the construction of a supermarket. Plaintiff, a concrete contractor, performed under its contract with defendant partnership from December 1, 1987 until June 17, 1988, when plaintiff was advised by individual defendant Baldwin that the project would be suspended until further notice due to a lawsuit against defendant Bridgemarket. Plaintiff thereafter commenced this action seeking damages for breach of contract against Bridgemarket and Bridgemarket's individual partners; plaintiff alleges that its services with respect to the project were wrong-

fully terminated and seeks to recover expenses incident to the closing down of its operations.

Given the nature of plaintiff's claims, it was not error for the IAS Court to allow defendants to add a counterclaim in the nature of recoupment. Recoupment is an equitable doctrine similar to the older "failure of consideration" doctrine, which looks to the whole contract, and the things to be done and/or stipulated to be done on both sides (*Peuser v Marsh*, 167 App Div 604, 608, *affd* 218 NY 505). It is really a defense, as it denies the validity of plaintiff's claim in the amount claimed, and does not entitle defendants to any affirmative relief or any amounts in excess of the amount demanded by plaintiff (*Rothschild v Industrial Test Equip. Co.*, 203 AD2d 271). The added counterclaim, relating as it does to plaintiff's performance under the very same contract pursuant to which plaintiff would recover, clearly falls within the permissive ambit of CPLR 203 (d) (*see, 182 Franklin St. Holding Corp. v Franklin Pierrepont Assocs.*, 217 AD2d 508). Nor does it avail plaintiff to complain that the interposition of the subject counterclaim was delayed since the bulk of the delay was caused by plaintiff's lack of prosecution both before and after the case was stricken from the calendar (*see, Seibert v Dunn*, 216 NY 237, 243). Moreover, even if defendants were in some measure responsible for the delayed assertion of the counterclaim, plaintiff has not demonstrated that it has suffered any resultant prejudice (*see, Alber Inv. Co. v Chatsworth Realty Corp.*, 186 AD2d 92).

However, we disagree with the motion court as to what the consequences of the assertion of the counterclaim should be in the context of plaintiff's motion for partial summary judgment. The recoupment claim goes to the heart of the parties' bargain and, indeed, is akin to a defense of lack or failure of consideration (*Peuser v Marsh, supra*). As such, it is inextricably linked to the issues underlying plaintiff's breach of contract claims, and its assertion, once permitted, ought to have precluded the grant of summary judgment as to those claims of contractual breach (*see, Smith Elec. Contrs. v City of New York*, 211 AD2d 485, 486; *GTE Automatic Elec. v Martin's Inc.*, 127 AD2d 545, 547). Concur—Milonas, J. P., Nardelli, Tom and Andrias, JJ.