■ TROY SAND & GRAVEL COMPANY, INC., Appellant, v CLARK-WINDSOR BUSINESS PARK, Respondent. [682 NYS2d 263] —Mikoll, J. P. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered February 24, 1998 in Rensselaer County, which denied plaintiff's motion for partial summary judgment on the issue of liability.

On October 17, 1989, the parties executed a "SAND AND GRADING AGREEMENT" pursuant to which plaintiff was to clear and grade property known as 10-16 Jupiter Lane in the Village of Colonie, Albany County, which defendant was in the process of purchasing from the Grand Union Company. In return for its services, plaintiff was entitled to remove all excess gravel, fill and sand from the property. Several weeks after plaintiff commenced work under the contract, the Village of Colonie issued a "stop work" order due to defendant's failure to secure the required permits. Although plaintiff thereafter tendered performance on a number of occasions, it was unable to complete the work or remove the sand and fill to which it was entitled because the necessary permits were never obtained. Plaintiff then commenced this action seeking damages for breach of contract and moved for partial summary judgment on the issue of liability.* Supreme Court denied the motion and plaintiff appeals.

Contrary to plaintiff's contentions, Supreme Court did not err in denying its motion for partial summary judgment. Because it is a drastic remedy, summary judgment should be granted only where there is no doubt as to the existence of a triable issue of fact (*Napierski v Finn*, 229 AD2d 869, 870).

* In July 1995, plaintiff moved for, and was denied, partial summary judgment on the issue of liability. Following further discovery, the instant motion was made.

Based on the submissions of the parties, Supreme Court found questions of fact as to whether, when and to what extent defendant authorized plaintiff to commence the work. Paragraph 8 of the contract provided that "[plaintiff] shall not commence grading or removal of sand on any portion of the Property except for the right of way of Jupiter Lane until such time as [plaintiff] is notified by [defendant] that it has purchased the Property or obtained the consent of the Grand Union Company to the sand removal and grading". Plaintiff tendered affidavits and other documentary evidence supporting its position that defendant authorized the work to commence on October 12, 1989 and acquiesced in its continuance until the issuance of the "stop work" order. Defendant controverted those submissions with its own affidavits that it did not authorize the commencement of the work on October 12, 1989 and that the only work it ever authorized related to the right-of-way on Jupiter Lane.

As Supreme Court aptly noted, the relevant inquiry on a summary judgment motion focuses not on the relative strength or weakness of the parties' positions, but rather on whether the movant has established the absence of any question of fact so as to entitle it to summary judgment as a matter of law. Plaintiff's motion implicitly required Supreme Court to make credibility determinations, which it quite properly declined to do.

Crew III, Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.