■ MICHAEL R. COPPOLA, Respondent, v ROCCO F. COPPOLA et al., Appellants. [687 NYS2d 787] —Graffeo, J. Appeal from an order of the Supreme Court (Ellison, J.), entered July 24, 1998 in Chemung County, which, *inter alia*, granted plaintiff's motion for summary judgment.

Plaintiff commenced this action in January 1994 against his brother and sister seeking a partition and/or sale of two rental properties owned by the three siblings as tenants in common and located in the City of Elmira, Chemung County. Plaintiff

and defendant Rocco F. Coppola each owned a 40% interest and defendant Nancy Coppola held a 20% interest in the two properties. From 1985 through 1992 Rocco Coppola resided in California and, during this time, Nancy Coppola collected the rental income, paid the expenses and, pursuant to an alleged verbal agreement between the two brothers, paid plaintiff $4,000 on a quarterly basis representing both his and Rocco Coppola's respective 40% shares. In September 1992, plaintiff and Rocco Coppola became engaged in a serious disagreement and, thereafter, Nancy Coppola began to pay Rocco Coppola his, as well as plaintiff's, share of the rental income. This arrangement continued until June 1997.

Plaintiff's amended complaint, filed in January 1997, contained seven causes of action seeking partition of the two properties, an accounting for the rental income received from September 1992 to the present, an award of all rental income due to plaintiff, reimbursement for damage to an apartment in one of the buildings, and a determination of the respective interests held by each party. Rocco Coppola's answer, served in January 1997, included a counterclaim asserting that pursuant to an agreement, his share of the rental income was paid to plaintiff with the understanding that it would be relinquished to him upon demand. In contrast, plaintiff contended that Rocco Coppola agreed to transfer his interest in the rental income to plaintiff in exchange for plaintiff's management of the properties. Plaintiff also claimed that his brother gifted his share of the rental income to him due to tax problems.

Plaintiff moved for summary judgment with respect to Rocco Coppola's counterclaim, asserting that it was barred by the Statute of Frauds and the Statute of Limitations. Supreme Court granted plaintiff's motion and ordered the sale of the property. Defendants now appeal.

Defendants contend that Supreme Court erred in dismissing the counterclaim on the basis that it was barred by the Statute of Frauds. We agree. Pursuant to General Obligations Law § 5-701 (a) (1), an agreement must be in writing and subscribed by the party to be charged therewith if such agreement by its terms is not to be performed within one year (see, D & N. Boening v Kirsch Beverages, 63 NY2d 449, 455). However, where the agreement is terminable at will by either party, it can be performed within one year and, therefore, is enforceable notwithstanding the fact that it is not in writing (see, Davis & Davis v S & T World Prods., 217 AD2d 645, lv denied 87 NY2d 808; cf., Murphy v CNY Fire Emergency Servs., 225 AD2d 1034, 1035). Here, the alleged oral agreement provided that plaintiff

would collect Rocco Coppola's share of the rental proceeds and Rocco Coppola would retain the right to recoup these monies. Although it is undisputed that this agreement was not in writing, it clearly could have been terminated at any time by either party, and hence was capable of being performed within one year. Plaintiff's contention that the nature of the agreement and the circumstances surrounding the agreement required that it be in writing is unavailing. The agreement, entered into between siblings, merely pertained to the collection of rental payments and could have been terminated at the behest of either party. Accordingly, Supreme Court erred in dismissing Rocco Coppola's counterclaim on the ground that it was barred by the Statute of Frauds.

We also conclude that the counterclaim was not barred by the Statute of Limitations. A counterclaim interposed after expiration of the applicable Statute of Limitations for contract actions (CPLR 213 [2]) is not barred to the extent of the demand in the complaint if it "arose from transactions, occurrences, or series of transactions or occurrences, upon which a claim asserted in the complaint depends" (CPLR 203 [d]). The amended complaint not only demanded a partition and sale of the property, it also sought to enforce the oral agreement to recover the rental income allegedly due plaintiff from 1992 through 1997, the period of time during which Rocco Coppola collected both his and plaintiff's share of the rental income. The counterclaim was based on the parties' agreement regarding the allocation of the rental proceeds, which clearly related to the allegations contained in plaintiff's amended complaint. In fact, plaintiff's amended complaint included the assertion that plaintiff properly received Rocco Coppola's share of the rental proceeds from 1985 to 1992 pursuant to their agreement and was, therefore, entitled to 80% of the rental income during this period. Because the claim raised by defendant sought a "recovery-back predicated on some act or fact growing out of the matter constituting the cause or ground of the action brought" (*Matter of SCM Corp. [Fisher Park Lane Co.]*, 40 NY2d 788, 791), we find that Rocco Coppola's counterclaim arose out of the same series of transactions upon which the complaint is based and, therefore, was not barred to the extent of the demand in the complaint (*see, Enrico & Sons Contr. v Bridgemarket Assocs.*, 252 AD2d 429).

Cardona, P. J., Mikoll, Crew III and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for summary judgment dismissing defendant Rocco Coppola's fifth counterclaim; said motion denied; and, as so modified, affirmed.