■ NATASHA ROKLINA, Appellant, v SKIDMORE COLLEGE et al., Respondents. [702 NYS2d 161] —Graffeo, J. Appeals (1) from an order of the Supreme Court (Williams, J.), entered October 21, 1998 in Saratoga County, which granted defendants' motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered November 9, 1998 in Saratoga County, which denied plaintiff's motion to compel discovery.

Defendants' denial of tenure to plaintiff, an assistant professor of Russian at Skidmore College, gave rise to this action. Plaintiff was initially hired in 1990 for a three-year tenure track position and was subsequently reappointed for another three-year term. Although Skidmore's Department of Foreign Languages and Literature unanimously voted to recommend plaintiff for tenure at the completion of her second contract, Skidmore's Committee on Appointments, Promotions and Tenure (hereinafter CAPT) recommended to defendant David H. Porter, Skidmore's president, that plaintiff be denied tenure. Plaintiff obtained a reversal of the CAPT decision from the CAPT Review Committee, resulting in an affirmative recommendation for tenure to Porter. The Board of Trustees, however, issued a negative tenure decision, concurring with Porter who recommended denying tenure, based on a lack of institutional need for the continuance of a Russian program at Skidmore.

Plaintiff commenced this lawsuit asserting causes of action premised on breach of contract, fraud, intentional infliction of emotional distress, and promissory and equitable estoppel. Defendants moved for summary judgment dismissing the complaint and plaintiff moved to compel discovery. Following oral argument, Supreme Court granted defendants' motion, dismissed the complaint and denied plaintiff's motion.

Plaintiff appeals, contending that Supreme Court improperly granted defendants' motion for summary judgment. Preliminarily, because this is not a CPLR article 78 proceeding, the piv-

otal issue here is not whether Skidmore violated its own tenure policy in an arbitrary and capricious manner (*see, e.g.*, *Matter of Bennett v Wells Coll.*, 219 AD2d 352, 355), but, rather, if Skidmore breached the parties' employment contract in denying tenure to plaintiff. In this regard, we are cognizant of the fact that a tenure decision is primarily an issue to be determined by professional educators and judicial scrutiny is significantly limited (*see, Roufaiel v Ithaca Coll.*, 255 AD2d 818; *Matter of Loebl v New York Univ.*, 255 AD2d 257; *Matter of Bennett v Wells Coll.*, *supra*, at 356; *De Simone v Skidmore Coll.*, 159 AD2d 926, 928).

It is undisputed that Skidmore's Faculty Handbook (hereinafter the Handbook) constituted the employment contract between plaintiff and Skidmore. Article VIII of part one of the Handbook, entitled "Tenure", stated in its preamble that "[e]very tenurial decision * * * must look ahead as well to the future needs of departments and special programs with an eye to shifts in enrollments and students' interests". The "Criteria for Tenure" subsection cited teaching ability, scholarship and contributions to the college community as factors to be considered in tenure determinations. Additionally, the Handbook provided that when considering tenure, the relevant department chair, in his or her evaluation of the candidate, "shall clearly state the extent to which a candidate's particular abilities will continue to be needed, as far as the department's future can be projected". Notably, plaintiff was advised by the department chair during the two years prior to the tenure decision that low enrollments and future need for a Russian program were serious concerns.

Based on the plain language of the contract, we conclude that defendants' consideration of institutional need in plaintiff's tenure denial was not inappropriate. Whether Skidmore had an institutional need for a Russian program was a decision for the educational institution that we shall not disturb under the circumstances of this case. Moreover, the Handbook does not contain any limitation on defendants' discretion in tenurial decisions (*see, e.g.*, *Romer v Board of Trustees*, 842 F Supp 703; *Harbison v Mount St. Mary Coll.*, 211 AD2d 697, 698). Based on the foregoing and in recognition of our limited scope of review of tenurial determinations, we find that Supreme Court did not commit error in dismissing plaintiff's breach of contract cause of action.

Next, plaintiff's causes of action with respect to fraud and intentional infliction of emotional distress were also properly dismissed. It is well settled that a claim arising out of an al-

leged breach of contract may not be converted into a tort action "absent the violation of a legal duty independent of that created by the contract" (*Scott v KeyCorp*, 247 AD2d 722, 725). Plaintiff has not alleged any actions taken by defendants distinguishable from the breach of contract cause of action involving Skidmore's consideration of institutional need as a factor in denying plaintiff tenure. Inasmuch as plaintiff's breach of contract claim is determinative of her tort claims, and plaintiff has failed to demonstrate that the Handbook limits defendants' consideration, these claims must also fail.

Lastly, plaintiff's assertion that Supreme Court improperly dismissed her claim of promissory and equitable estoppel is unavailing. Plaintiff has failed to establish that defendants made promises or misrepresentations upon which plaintiff relied to her detriment (*see, Roufaiel v Ithaca Coll.*, 241 AD2d 865, 869; *Freedman & Son v A.I. Credit Corp.*, 226 AD2d 1002, 1003).

Plaintiff's remaining contentions have been considered and found to be lacking in merit.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the orders are affirmed, with costs.