■ MICHAEL EGAN, Respondent, v NEW YORK CARE PLUS INSURANCE COMPANY, INC., et al., Appellants. [716 NYS2d 430] —Crew III, J. P. Appeal from an order of the Supreme Court (Canfield, J.), entered November 22, 1999 in Albany County, which, *inter alia*, denied defendants' motion for partial summary judgment dismissing plaintiff's third, fourth and fifth causes of action in the complaint.

In 1997, plaintiff was diagnosed as having central nervous system Lyme disease. As a consequence, his physician sought from defendants, who insured plaintiff under a "Care Plus Health Care Contract," preapproval of intravenous antibiotic therapy. This request eventually was denied upon the basis that prolonged intravenous antibiotic therapy was not a generally accepted therapy in the treatment of such disease. Consequently, plaintiff commenced this action in January 1998 sounding in, *inter alia*, breach of contract, fraud and deceptive business practices in violation of General Business Law § 349. Specifically, plaintiff's complaint alleged fraud based upon defendants' purported "policy of limiting reimbursement for intravenous antibiotic treatment for Lyme disease" and defendants' practice of "knowingly maintain[ing] a policy of denying benefits on the ground that a given mode of therapy is not generally accepted," neither of which was disclosed in the insurance policy or defendants' marketing materials.

Following joinder of issue and discovery, defendants moved for partial summary judgment dismissing those causes of action sounding in fraud and predicated upon General Business Law § 349, as well as plaintiff's claims for punitive damages and counsel fees. Plaintiff cross-moved to amend his complaint to include additional factual averments, as well as additional causes of action sounding in fraud. Supreme Court denied

defendants' motion and granted plaintiff's cross motion, prompting this appeal.

We reverse. Plaintiff's fraud claims are premised upon defendants' refusal to pay for plaintiff's extended treatment on the ground that it was not "medically necessary" as defined in the contract of insurance and, as such, essentially distill to a contract dispute. It is axiomatic that a cause of action for fraud does not arise where, as here, the fraud alleged relates to a breach of contract (*see, e.g., Fourth Branch Assocs. Mechanicville v Niagara Mohawk Power Corp.*, 235 AD2d 962, 963). Thus, absent a legal duty owed to plaintiff by defendants, independent of that encompassed by the contract, plaintiff's causes of action grounded on fraud are not cognizable (*see, e.g., Roklina v Skidmore Coll.*, 268 AD2d 765, 766-767, *lv denied* 95 NY2d 758). As no such independent legal duty has been demonstrated by plaintiff, such causes of action should have been dismissed.

Similarly, plaintiff's General Business Law § 349 cause of action must be dismissed. In order to prevail on that cause of action, plaintiff was required to make a threshold showing that his claim was predicated upon a deceptive act or practice that was consumer oriented (*see, Gaidon v Guardian Life Ins. Co.*, 94 NY2d 330, 344). Here, defendants denied long-term intravenous antibiotic treatment based upon their determination that such treatment was not a generally accepted therapy in the treatment of Lyme disease. Such denial was made in accordance with the provisions of the contract, which reserved the right of denial to the insurer. As such, plaintiff's claim involved a private contract dispute over policy coverage for the sought-after treatment and did not amount to conduct that affected the consuming public at large.

In view of our conclusions concerning plaintiff's causes of action sounding in fraud and his cause of action premised upon General Business Law § 349, his claims for punitive damages and counsel fees must be dismissed, inasmuch as punitive damages are not available in a breach of contract action (*see, Tate v Metropolitan Life Ins. Co.*, 186 AD2d 859, 860) and plaintiff's right to counsel fees was predicated on the provisions of General Business Law § 349. Finally, Supreme Court improperly permitted plaintiff to amend his complaint, as the causes of action sought to be interposed are subsumed by the breach of contract action.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, plaintiff's cross motion to amend the complaint denied, defendants' motion for partial summary judgment granted, partial summary

judgment awarded to defendants and the third, fourth and fifth causes of action in the complaint are dismissed.