■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
JOSEPH TAYLOR, Appellant. [743 NYS2d 272] —Judgment, Su-
preme Court, Bronx County (Ira Globerman, J.), rendered April
20, 1999, convicting defendant, after a jury trial, of robbery in
the third degree, and sentencing him, as a second felony of-
fender, to a term of 3½ to 7 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was
not against the weight of the evidence (*see, People v Bleakley*,
69 NY2d 490). Issues concerning identification, including those
relating to the description provided by the victim, were
properly presented to the jury and there is no basis to disturb
its findings. The victim had a suitable opportunity to observe
defendant during the crime and was able to make a reliable
identification.

Defendant has not established that his right to be present
during a *Sandoval* hearing was violated (*see, People v Kinchen*,
60 NY2d 772). From the record, as expanded pursuant to this
Court's order, viewed together with the reasonable inferences
that may be drawn therefrom, we conclude that defendant was
present at the hearing. Concur—Nardelli, J.P., Mazzarelli,
Buckley, Sullivan and Marlow, JJ.

■ FELICIA RODRIGUEZ, Respondent, v PAUL PALANGE, Ap-
pellant, et al., Defendants. [743 NYS2d 274] —Order, Supreme
Court, Bronx County (Barry Salman, J.), entered October 11,
2001, which denied appellant's motion for leave to serve an
amended answer with counterclaims, unanimously affirmed,
without costs.

Appellant's reliance upon the relation back doctrine to avoid
the bar posed to his proposed counterclaims by the statute of
limitations was improper, as found by the motion court. Appel-
lant's prior pleadings did not place plaintiff on notice that he
would claim that her conduct was harmful to him and would
be at issue in this matter. The affirmative defenses contained
in defendant's prior pleadings alleged instead only that plaintiff
was herself responsible for her own injuries. Accordingly, the
counterclaims contained in the proposed second amended
answer do not relate back to appellant's original pleadings for
statute of limitations purposes, and the court properly denied
appellant's motion for leave to serve the proposed second
amended answer (*see*, CPLR 203 [f]; *Hager v Hager*, 177 AD2d
401; *Shapiro v Schoninger*, 122 AD2d 38). Concur—Nardelli,
J.P., Mazzarelli, Buckley, Sullivan and Marlow, JJ.