■ JOHN TODD, Respondent, v GRANDOE CORPORATION et al., Appellants. [756 NYS2d 658] —Rose, J. Appeal from an order of the Supreme Court (Best, J.), entered April 30, 2002 in Fulton County, which, inter alia, partially granted plaintiff's cross motion for partial summary judgment.

In April 1999, defendant Grandoe Corporation hired plaintiff to be its executive vice president and chief operating officer. A letter agreement executed by the parties stated plaintiff's annual salary, guaranteed him a minimum bonus of $15,000 in

his first year, promised him the opportunity to earn annual incentives, indicated that his performance and salary would be reviewed annually, and guaranteed six months severance pay upon his termination for reasons other than fraud, gross misconduct or gross negligence. At the end of February 2000, defendants terminated plaintiff's employment, allegedly for gross misconduct. Plaintiff then commenced this action asserting breach of contract, fraud and defamation, and seeking payment of certain benefits described in the letter agreement, such as the guaranteed bonus. When defendants moved for an order granting them partial summary judgment dismissing plaintiff's claims of fraud and breach of contract, plaintiff cross-moved for partial summary judgment on his claims for vacation pay, moving expenses and the bonus. Concluding that the letter agreement was ambiguous as to whether it created an employment at will or a minimum three-year employment, as contended by plaintiff, Supreme Court denied defendants' motion and granted plaintiff partial summary judgment on his claim for the bonus and moving expenses. Defendants now appeal, asserting that the agreement provides no fixed duration for plaintiff's employment and that his allegations of fraud are subsumed in his breach of contract claim. We agree.

Whether a written agreement is ambiguous is a question of law for the court, and "[a]mbiguity is determined by looking within the four corners of the document, not to outside sources" (*Kass v Kass,* 91 NY2d 554, 566; *see Carpinelli v MDF Dev.,* 245 AD2d 866, 867). It has also long been settled that " '[a]bsent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party' " (*Rooney v Tyson,* 91 NY2d 685, 689 [emphasis omitted], quoting *Matter of De Petris v Union Settlement Assn.,* 86 NY2d 406, 410). The mere fact that the hiring is at so much a year, without a specified duration, is not evidence that the hiring is for such a period (*see Martin v New York Life Ins. Co.,* 148 NY 117, 121). Thus, in this case, the issue is whether the parties' agreement merely measured plaintiff's salary and other benefits on an annual basis, thereby creating nothing more than an employment at will that was terminable without a breach of contract (*see Watson v Gugino,* 204 NY 535, 541; *Matter of Tyson v Hess,* 109 AD2d 1068, 1069; *Chase v United Hosp.,* 60 AD2d 558, 559), or whether the agreement is ambiguous as to duration, thereby permitting plaintiff to present parol evidence of an intended period of employment (*see Gabriel v Therapists Unlimited,* 218 AD2d 614, 615-616).

Finding that the parties' written agreement is silent as to

the duration of plaintiff's employment and includes a severance provision which places no limitation on defendants' right to terminate his employment at any time, we conclude that his employment was at will as a matter of law (*see Matter of New York Agency of Bank of Credit & Commerce Intl. v Superintendent of Banks of State of N.Y.*, 227 AD2d 145, 145). While an issue of fact may arise where the agreement's terms themselves suggest an intended period of employment (*see TSR Consulting Servs. v Steinhouse*, 267 AD2d 25, 27 [contract provisions referencing first and second years of employment held consistent with two-year definite term of employment]), the agreement at issue here merely measures plaintiff's compensation on an annual basis without establishing any definite term, let alone the three-year term alleged by plaintiff. Thus, Supreme Court should have found that plaintiff's employment was terminable at will and granted defendants' motion to that extent. However, plaintiff's claim for breach of contract is not subject to dismissal in its entirety, for he did raise a triable issue of fact as to whether he was fired without cause and entitled to severance pay as described in the agreement.

As to plaintiff's fraud cause of action, we note that he alleges only that defendants promised him real and full operational authority but did not, and never intended to, confer such authority upon him once he entered Grandoe's employ. Where, as here, the alleged fraud is indistinguishable from the breach of contract, no fraud cause of action arises (*see Reiser, Inc. v Roberts Real Estate*, 292 AD2d 726, 727-728; *Egan v New York Care Plus Ins. Co.*, 277 AD2d 652, 653; *Roklina v Skidmore Coll.*, 268 AD2d 765, 766-767, *lv denied* 95 NY2d 758). Nor did the statements allegedly made by defendants misrepresent a present fact as opposed to promising what would be done in the future (*see McGovern v Best Bldg. & Remodeling*, 245 AD2d 925, 927; *Shlang v Bear's Estates Dev. of Smallwood, N.Y.*, 194 AD2d 914, 915; *cf. Reiser, Inc. v Roberts Real Estate, supra* at 728).

Finally, we perceive no error in the granting of plaintiff's cross motion for partial summary judgment with respect to his claims for moving expenses and the bonus. Defendants failed to raise an issue of fact as to Grandoe's liability for those amounts under the letter agreement and did not dispute the amounts claimed. As to the bonus, however, Supreme Court improperly granted the motion only as to liability and left the amount undetermined. In both his complaint and the "wherefore" clause in his cross motion papers, plaintiff stated that the amount for which judgment was being sought on his claim for

a bonus was $15,000. Since plaintiff failed to allege an error in stating that amount or prove his entitlement to a greater amount, Supreme Court should have granted summary judgment on this claim in the amount requested.

Cardona, P.J., Crew III, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' motion for partial summary judgment dismissing the causes of action for fraud and breach of contract based on plaintiff's termination; motion granted to that extent, summary judgment awarded to defendants dismissing said causes of action, and partial summary judgment granted to plaintiff in the amount of $15,000; and, as so modified, affirmed.