■ RICHARD J. FORTIN et al., Appellants, v HILL & MARKES, INC., et al., Respondents. [767 NYS2d 710]—

Rose, J. Appeal from an order of the Supreme Court (Connor, J.), entered June 14, 2003 in Columbia County, which, inter alia, denied plaintiffs' motion for partial summary judgment.

In July 1995, plaintiffs and defendant Hill & Markes, Inc. (hereinafter H&M) entered into an agreement providing that H&M would purchase the assets of Shoemaker Paper Company and pay plaintiffs a royalty on its subsequent sales to an attached list of Shoemaker's customers. H&M allegedly discovered that many of the listed customers had ceased doing business with Shoemaker prior to the asset purchase agreement and, because of this, H&M thereafter paid royalties based on an abbreviated list. Six years later, just one day before the expiration of the applicable statute of limitations, plaintiffs commenced this action alleging that defendants had, among other things, breached the purchase agreement by failing to pay royalties based on the original list. When plaintiffs then moved for partial summary judgment, defendants cross-moved for leave to amend their answer to add a counterclaim for reformation of the original list, as well as affirmative defenses alleging fraud and breach of warranty with respect to the list. Supreme Court denied plaintiffs' motion and granted defendants' cross motion, prompting this appeal by plaintiffs.

Plaintiffs initially contend that Supreme Court erred in granting defendants leave to amend their answer because the proposed counterclaim and defenses were barred by the applicable six-year statute of limitations (see CPLR 213 [2]). Plaintiffs argue that CPLR 203 (f) provides the exclusive method of determining the timeliness of counterclaims asserted in an amended answer. Under that subdivision, a claim in an amended pleading is deemed interposed at the time of the original pleading, but only if the original pleading gave notice of the transactions and occurrences underlying the new claim (see *Rodriguez v Palange*, 295 AD2d 155, 155 [2002], *lv denied* 98 NY2d 728 [2002]). Since defendants' original answer consisted of general denials only, the counterclaim cannot relate back to it under subdivision (f) (see *Coleman, Grasso & Zasada Appraisals v Coleman*, 246 AD2d 893, 894 [1998], *lv dismissed* 91 NY2d 1002 [1998]).

Plaintiffs also contend that CPLR 203 (d) will not revive defendants' counterclaim, for this Court has held that provision to be inapplicable where a counterclaim is first asserted in an amended answer (*see id.* at 894). However, given that defendants' counterclaim—and their affirmative defenses—clearly arise out of the same transactions that form the basis of the claims asserted in plaintiffs' complaint, defendants' claims are not barred to the extent that they seek no more than to rely upon the equitable doctrine of recoupment (*see Enrico & Sons Contr. v Bridgemarket Assoc.*, 252 AD2d 429, 430 [1998]; *Town of Amherst v County of Erie*, 247 AD2d 869, 869-870 [1998]; *Katz v Bach Realty*, 192 AD2d 307, 308 [1993]; *Bendat v Premier Broadcast Group*, 175 AD2d 536, 538-539 [1991]). To the extent that *Coleman, Grasso & Zasada Appraisals v Coleman* (*supra* at 894) can be read to preclude such recoupment, we decline to follow it. Accordingly, inasmuch as the amendments here are asserted only defensively, Supreme Court properly permitted them.

Supreme Court also correctly denied plaintiffs' motion for partial summary judgment. In opposition to plaintiffs' evidence that H&M failed to pay royalties on sales to the original list of Shoemaker's customers, H&M's officers averred that plaintiffs had misrepresented the original list, included dormant and lost accounts, and later agreed to an abbreviated list of bona fide customers. In so doing, defendants effectively disputed that they were obligated to pay the amount claimed by plaintiffs. Accordingly, we find that the evidentiary facts, when viewed in a light most favorable to defendants as the nonmoving parties, are sufficient to raise triable issues of fact precluding partial summary judgment in plaintiffs' favor (*see Swartout v Consolidated Rail Corp.*, 294 AD2d 785, 786 [2002]; *Troy Sand & Gravel Co. v Clark-Windsor Bus. Park*, 256 AD2d 903, 904 [1998]).

Mercure, J.P., Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.