■ UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent-Appellant, v DELMAR DEVELOPMENT PARTNERS, LLC, Appellant-Respondent. [803 NYS2d 254]—

1018

Spain, J. Cross appeals from an order of the Supreme Court (Benza, J.), entered February 9, 2005 in Albany County, which, inter alia, partially granted defendant's motion for leave to serve an amended answer.

By a standardized American Institute of Architects agreement—with insertions and modifications—executed in August 1999, defendant hired Matzen Construction, Inc. to construct a luxury apartment complex in the Town of Bethlehem, Albany County. The initial agreement was amended by a letter agreement executed by the parties in July 2001. Plaintiff, as surety for Matzen, commenced this action in October 2002 to recover payment in accordance with the terms of the amended agreement. Pursuant to a stipulation by the parties, defendant moved for partial summary judgment on the sole issue of whether the amendment to the agreement was enforceable. As a result, Supreme Court rendered a decision, affirmed by this Court, that the July 2001 letter agreement is enforceable (*United States Fid. & Guar. Co. v Delmar Dev. Partners, LLC*, 14 AD3d 836 [2005]).

In June 2004, plaintiff moved for summary judgment. Defendant opposed the motion and then moved to amend its answer to include an affirmative defense of fraud in the inducement related to the amendment, and a counterclaim for breach of contract and liquidation of damages. Plaintiff opposed defendant's motion and, alternatively, cross-moved for summary judgment dismissing the fraud in the inducement affirmative defense and the proposed counterclaim. Supreme Court denied plaintiff's motion for summary judgment, granted defendant's motion to include the counterclaim and denied defendant's request to add fraudulent inducement as an affirmative defense. Both parties appeal.

We turn first to Supreme Court's partial denial of defendant's motion to amend its answer, a decision "committed to the court's discretion" (*Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]). " 'Provided that there is no prejudice to the nonmoving party and the amendment is not plainly lacking in merit, leave to amend pleadings under CPLR 3025 (b) should be freely granted' " (*Smith v Haggerty*, 16 AD3d 967, 967-968 [2005], quoting *State of New York v Ladd's Gas Sta.*, 198 AD2d 654, 654 [1993]). Supreme Court denied defendant's motion insofar as it sought to add fraud in the inducement as an affirmative defense on the basis that the proposed amendment would violate the prohibition against permitting a party to convert a contract action into a tort action without alleging any breach of a legal duty independent of those created by the contract (*see Rothberg v Reichelt*, 270 AD2d 760, 762-763 [2000]). "It is axiomatic that a cause of action for fraud does not arise where . . . the fraud alleged relates to a breach of contract" (*Egan v New York Care Plus Ins. Co.*, 277 AD2d 652, 653 [2000] [citation omitted]; *see Fourth Branch Assoc. Mechanicville v Niagara Mohawk Power Corp.*, 235 AD2d 962, 963 [1997]). Here, however, defendant does not seek affirmative relief in tort, but claims fraudulent inducement as a defense to plaintiff's breach of contract claim. Those cases where a party has been barred from injecting a tort claim into an action that is purely contractual in nature have involved fraud causes of action seeking affirmative relief (*see e.g. Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]; *Egan v New York Care Plus Ins., supra* at 653; *Rothberg v Reichelt, supra* at 763; *Roklina v Skidmore Coll.*, 268 AD2d 765, 767 [2000], *lv denied* 95 NY2d 758 [2000]; *Fourth Branch Assoc. Mechanicville v Niagara Mohawk Power Corp., supra* at 963). Under these circumstances, where the proposed claim of fraud is offered only to counter the contractual rights asserted, no danger exists that the proposed amendment effectively changes the original action from one

sounding in breach of contract to an action alleging tortious conduct (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., supra* at 389-390).

We also reject plaintiff's alternative arguments to preclude defendant from asserting that the amended agreement was induced by fraud. Although the issue of the enforceability of the amendment to the agreement has already been litigated—a fact which, under other circumstances, would preclude revisiting the issue —here defendant specifically reserved its right to assert the defense of fraud in the inducement in its motion papers seeking partial summary judgment. Also, contrary to plaintiff's assertion, we find that the proposed amendment is pleaded with sufficient particularity to satisfy CPLR 3016 (b). In its proposed amended answer, defendant averred that in January 2001, with the intent of inducing defendant to amend the contract, Matzen knowingly made certain false representations—including the fact that subcontractors had been paid and that no liens had been filed—and that defendant relied upon those representations as an inducement to execute the July 2001 letter amending the contract. Defendant further alleges that all subcontractors had not been paid at that point, ultimately resulting in liens filed against the construction project. These assertions are sufficient to satisfy the pleading requirements of CPLR 3016 (b) (*see Franco v English*, 210 AD2d 630, 632-633 [1994]; *Callahan v Callahan*, 127 AD2d 298, 301 [1987]; *cf. Rotterdam Ventures v Ernst & Young*, 300 AD2d 963, 965 [2002]). Finally, given that the allegations underlying the proposed amendment were raised as early as June 2003 in defendant's response to interrogatories, we discern no prejudice to plaintiff substantial enough to warrant denying the motion to amend (*see Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983], *supra*; *Smith v Haggerty*, 16 AD3d 967, 968 [2005], *supra*; *cf. Sadler v Town of Hurley*, 304 AD2d 930, 931 [2003]).

Next, we conclude that Supreme Court appropriately granted defendant's request to add a counterclaim for breach of contract and liquidated damages, while limiting any remedy thereunder to the amount demanded by plaintiff in the complaint. "It is axiomatic that claims and defenses that arise out of the same transaction as a claim asserted in the complaint are not barred by the statute of limitations, even though an independent action by defendant might have been time-barred at the time the action was commenced" (*Bloomfield v Bloomfield*, 97 NY2d 188, 193 [2001], citing CPLR 203 [d]). Here, defendant seeks to interpose a counterclaim alleging that the work required under the contract had not been completed prior to the designated

completion date, that certain work completed did not conform to the requirements of the contract—including the pool and the roofs of the apartment buildings comprising the project—and that, as a result, defendant is entitled to liquidated damages under the terms of the contract. Inasmuch as "[t]he added counterclaim, relating as it does to plaintiff's performance under the very same contract pursuant to which plaintiff would recover, clearly falls within the permissive ambit of CPLR 203 (d)," it was properly allowed (*Enrico & Sons Contr. v Bridgemarket Assoc.*, 252 AD2d 429, 430 [1998]; *see Fortin v Hill & Markes*, 2 AD3d 934, 936 [2003]; *Coppola v Coppola*, 260 AD2d 774, 776 [1999]; *cf. Matter of SCM Corp. [Fisher Park Lane Co.]*, 40 NY2d 788, 791 [1976]; *DeMille v DeMille*, 5 AD3d 428, 429 [2004]).

CPLR 203 (f) provides an opportunity for a party to amend its pleadings to seek not only recoupment, but affirmative relief under a cause of action otherwise barred by the statute of limitations, but such opportunity exists "only if the original pleading gave notice of the transactions and occurrences underlying the new claim" (*Fortin v Hill & Markes, supra* at 935; *see* CPLR 203 [f]; *Coleman, Grasso & Zasada Appraisals v Coleman*, 246 AD2d 893, 894 [1998], *lvs dismissed* 91 NY2d 1002 [1998], 94 NY2d 849 [1998] [1999]; *Marpe v Dolmetsch*, 246 AD2d 723, 723-724 [1998]). Defendant's original answer included general denials and, as an affirmative defense, asserted that plaintiff's recovery was precluded by breaches of the contract, but the answer made no allegations which would put plaintiff on notice that defendant had a viable cause of action for affirmative relief. Accordingly, defendant's counterclaim is not permissible under CPLR 203 (f) and, thus, defendant is limited to the recoupment claim available under CPLR 203 (d) (*see Fortin v Hill & Markes, supra* at 935-936; *Bernstein v Spatola*, 122 AD2d 97, 100 [1986]; *Shapiro v Schoninger*, 122 AD2d 38, 40 [1986]).

Finally, we find that Supreme Court properly denied plaintiff's motion for summary judgment. Notwithstanding plaintiff's assertions that the work was substantially complete—as that term is defined in the contract—prior to the September 30, 2001 completion date designated in the amended contract and that defendant's complaints regarding the pool, roof and punch list items are either outside the scope of the contract or de minimis, our review of this record reveals that these issues cannot be resolved at this juncture as a matter of law (*see Trustees of Columbia Univ. in City of N.Y. v Gwathmey Siegel & Assoc. Architects*, 167 AD2d 6, 12 [1991]; *cf. State of New York v Lundin*, 91 AD2d 343, 346-347 [1983], *affd* 60 NY2d 987 [1983]). Likewise, we reject plaintiff's argument that defendant waived

the right to challenge Matzen's and plaintiff's performance by failing to give a timely notice of claim as required by the contract. The notice provisions which plaintiff relies upon set forth a limitations period applicable to affirmative claims by a party seeking some relief under the terms of the contract or some adjustment thereto. We do not interpret those provisions as a bar to defendant's challenge to the quality and timeliness of the work completed where, as here, those challenges are raised in the context of defending plaintiff's legal action for payment due under the contract (*cf. Kingsley Arms, Inc. v Sano Rubin Constr. Co., Inc.*, 16 AD3d 813, 814 [2005]).

We also reject plaintiff's contention that defendant's pleadings fell short of the particularity required by CPLR 3015 (a). To the extent that defendant's claims of nonperformance can be characterized as conditions precedent, plaintiff alleged full performance of its obligations under the contract in its complaint, rendering defendant's general denials sufficient to place plaintiff's allegations at issue (*see Allis-Chalmers Mfg. Co. v Malan Constr. Corp.*, 30 NY2d 225, 233 [1972]; *Roel Partnership v Amwest Sur. Ins. Co.*, 258 AD2d 780, 781 [1999]).

Mercure, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially denied defendant's motion for leave to serve an amended answer; motion granted to that extent; and, as so modified, affirmed.