■ MARK CARPENTER et al., Appellants, v PLATTSBURGH WHOLESALE HOMES, INC., Also Known as PLATTSBURGH WHOLE-SALE MOBILE HOMES, INC., et al., Respondents. [921 NYS2d 654]—

Kavanagh, J. Appeals (1) from an order and judgment of the Supreme Court (Ryan, J.), entered April 14, 2010 in Clinton County, which granted defendants' motion to dismiss the second amended complaint, and (2) from an order of said court, entered August 17, 2010 in Clinton County, which denied plaintiffs' motion for leave to file a third amended complaint.

In October 2007, plaintiffs commenced this action against defendants, alleging, among other things, breach of contract, negligence and fraud stemming from a contract agreed to by the parties for the purchase of a modular home. After plaintiffs initially amended this complaint in November 2007 and again in April 2008, defendants moved to dismiss it on the ground that it failed to state a cause of action (see CPLR 3211 [a] [7]). While this motion was pending, plaintiffs agreed to withdraw

their claims for breach of contract, indemnification and specific performance. Supreme Court subsequently granted defendants' motion, dismissing those claims that remained in the second amended complaint. Thereafter, plaintiffs moved for leave to once again amend the complaint and Supreme Court denied that motion. Plaintiffs now appeal from the order and judgment dismissing the second amended complaint, as well as the order denying their motion for leave to file a third amended complaint.

Initially, plaintiffs contend that Supreme Court erred in dismissing their negligence cause of action because they failed to allege that they had sustained a personal injury as the result of defendants' negligence. Supreme Court found that the damages alleged by plaintiffs were "contractually based" and the economic loss doctrine served to bar their causes of action alleging that defendants were negligent (see Bocre Leasing Corp. v General Motors Corp. [Allison Gas Turbine Div.], 84 NY2d 685, 688-689 [1995]; New York Methodist Hosp. v Carrier Corp., 68 AD3d 830, 831 [2009]). While plaintiffs' counsel argues that a claim of personal injury was set forth in the second amended complaint, two complaints—both identified as a second amended complaint—appear in the record. One is dated November 19, 2008 and contains a personal injury claim and the other is dated March 31, 2008 and does not. Because the pleadings appeared inconsistent, the parties agreed on December 15, 2009 that plaintiffs would proceed on the second amended complaint dated March 31, 2008, i.e., the complaint that did not include a claim for personal injury. Thus, when Supreme Court decided defendants' motion to dismiss, there was no personal injury alleged in the complaint and plaintiffs' cause of action based on negligence was properly dismissed.

Next, plaintiffs argue that Supreme Court erred by dismissing their causes of action based on fraud and rescission. While plaintiffs assert that defendants made certain representations to them to induce them to purchase the modular home, these claims as pleaded are indistinguishable from those that plaintiffs made alleging that defendants breached their contract (see Todd v Grandoe Corp., 302 AD2d 789, 791 [2003]; Reiser, Inc. v Roberts Real Estate, 292 AD2d 726, 727 [2002]; see also Cropsey v County of Orleans Indus. Dev. Agency, 66 AD3d 1361, 1362 [2009]). Moreover, in granting defendants' motion to dismiss, Supreme Court noted that plaintiffs failed to sufficiently set forth in their pleadings the factual circumstances upon which these fraudulent claims were based (see Moon v Clear Channel

*Communications*, 307 AD2d 628, 631 [2003]; *Todd v Grandoe Corp.*, 302 AD2d at 791).[1]

Plaintiffs also argue that Supreme Court erred in dismissing the second amended complaint because they had valid claims under General Business Law §§ 349, 350 and 777. However, none of these provisions was pleaded in the second amended complaint, and plaintiffs do not allege any facts that would support a claim based upon these statutory provisions.[2]

Finally, since Supreme Court properly dismissed the second amended complaint, there was no action pending when plaintiffs moved for leave to file the third amended complaint. As a result, Supreme Court was without the authority to grant leave to file a third amended complaint and the denial of that motion must also be affirmed.

Mercure, J.P., Peters, Malone Jr. and Stein, JJ., concur. Ordered that the orders and judgment are affirmed, with costs.

---

1. We reject plaintiffs' claim that defendants' motion to dismiss was, in reality, a summary judgment motion and, as such, untimely. In fact, defendants' motion was based on plaintiffs' failure to state a cause of action in their complaint and can be made at any time (*see* CPLR 3211 [e]). In addition, plaintiffs, despite their claims to the contrary, were given adequate time to address the arguments raised in this motion. Moreover, the single motion rule was not violated (*see* CPLR 3211 [e]) by defendants having previously moved to dismiss the complaint on the ground that the venue for this action was inconvenient (*see* CPLR 327).

2. In comparison, their proposed third amended complaint did contain specific causes of action alleging violations of General Business Law §§ 349, 350 and 777.