AOG, LLC v Kind Operations Inc. (2023 NY Slip Op 04710)

AOG, LLC v Kind Operations Inc.

2023 NY Slip Op 04710

Decided on September 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2023

Before: Manzanet-Daniels, J.P., Mendez, Shulman, Rosado, O'Neill Levy, JJ. 

Index No. 650124/20 Appeal No. 626 Case No. 2022-05296 

[*1]AOG, LLC, Plaintiff-Appellant,
v
Kind Operations Inc. et al., Defendants-Respondents.

Vedder Price P.C., New York (Daniel C. Green of counsel), for appellant.
Goodwin Procter LLP, New York (Jordan Bock of counsel), for respondents.

Order, Supreme Court, New York County (Margaret Chan, J.), entered October 17, 2022, which, to the extent appealed as limited by the briefs, denied plaintiff's motion for summary judgment dismissing the affirmative defense of recoupment (the seventh affirmative defense), unanimously reversed, on the law, with costs, and the motion granted.
In July 2015, defendants KIND Operations Inc. and KIND Holdings Ltd. (collectively, KIND) entered into an amended and restated manufacturing agreement with nonparty TruFood Mfg., Inc (the Manufacturing Agreement). Pursuant to the Manufacturing Agreement, TruFood manufactured certain products that KIND thereinafter sold under its own name and issued invoices to KIND once the goods had been manufactured and shipped. TruFood eventually defaulted on its obligations to various secured creditors, which then foreclosed on TruFood's assets. On June 18, 2019, plaintiff AOG, LLC purchased TruFood's assets, including its accounts and contract rights, but not its liabilities. As of the time of the sale, KIND had failed to pay in full on at least 58 of Trufood's invoices as required under the Manufacturing Agreement, totaling $7,239,605.38 in past due accounts receivable (the TruFood Invoices). Since AOG purchased only Trufood's assets AOG disclaimed responsibility for invoices Trufood owed its suppliers which were outstanding as of June 18, 2019 (the Supplier Invoices). KIND paid certain of the Supplier Invoices in the total amount of $4,840,563.07 (the Supplier Payments) Because KIND used many of the same suppliers as TruFood and, as a result, the nonpayment of these Supplier Invoices threatened KIND's business.
In this action, AOG asserts, among other things, causes of action for breach of contract and account stated, alleging that KIND violated its obligations under the Manufacturing Agreement by failing to pay the TruFood Invoices. KIND asserted various affirmative defenses, including a seventh affirmative defense alleging that AOG's "claims are barred, in whole or in part, by the doctrine of equitable recoupment and/or subject setoff," and that the Supplier Payments were the basis for recoupment or setoff.
Supreme Court should have granted AOG's motion to dismiss the affirmative defense. KIND's recoupment defense, which is premised on TruFood's failure to pay its suppliers, does not seek, as necessary for a recoupment defense, to "den[y] the validity" of AOG's claim based on breach of the contract that plaintiff seeks to enforce (Enrico & Sons Contr., Inc. v Bridgemarket Assoc., 252 AD2d 429, 430 [1st Dept 1998]). KIND has identified no obligation contained in the Manufacturing Agreement between it and TruFood requiring TruFood to pay its suppliers or requiring KIND to pay those suppliers if TruFood failed to do so. Thus, there is no indication that TruFood breached the Manufacturing Agreement by not paying its suppliers. Nor do the parties' debts arise out of a "single integrated transaction" (Hispanic Ind. Tel. [*2]Sales, LLC v Una Vez Mas, LP, 110 AD3d 474, 475 [1st Dept 2013]), since the Supplier concerned TruFood's contractual obligations to its suppliers and are therefore entirely separate from KIND's obligations to pay the TruFood Invoices pursuant to the Manufacturing Agreement.
We have considered the remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2023