Alonzo Spencer OWENS,
Plaintiff–Appellant,

v.

Francis J. SHAMENEK, Lawyer,
Defendant–Appellee.

No. 00–7861.

United States Court of Appeals,
Second Circuit.

Feb. 20, 2001.

Alonzo Spencer Owens, N.Y., NY, pro se.

Lonny Levitz, Brecher, Fishman, Pasternack, Popish, Heller, Rubin & Reiff, N.Y., NY, for appellee.

Present VAN GRAAFEILAND, KEARSE, and LEVAL, Circuit Judges.

*SUMMARY ORDER*

This cause came on to be heard on the record from the United States District Court for the Eastern District of New York, and was argued by plaintiff *pro se* and submitted by counsel for defendant.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Plaintiff *pro se* Alonzo Spencer Owens appeals from a judgment of the United States District Court for the Eastern District of New York, Joanna Seybert, *Judge,* dismissing his complaint asserting principally contract claims under, *inter alia,* 42 U.S.C. § 1981 and the Fourteenth Amendment to the Constitution, in connection with defendant's representation of Owens on workers' compensation claims. Owens having previously sued defendant on a different theory with respect to the same events, we affirm the dismissal of the complaint on grounds of res judicata. Under that principle, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). It does not matter that the claim was not expressly asserted in the prior action, "[f]or it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies." *Saud v. Bank of New York,* 929 F.2d 916, 919 (2d Cir.1991) (internal quotation marks omitted). Al-

though Owens correctly points out that a dismissal for lack of subject matter jurisdiction would not be res judicata, *see, e.g., Thompson v. County of Franklin,* 15 F.3d 245, 253 (2d Cir.1994), his contention that his prior action was dismissed on that basis is not supported by the record. The district court ruled that it had jurisdiction of his prior action and granted summary judgment in favor of defendants, dismissing all of Owens's federal claims. *See Owens v.. Shamenek,* No. 96–CV–0546, Memorandum and Order at 8–9 (E.D.N.Y. Mar. 31, 1998) ("[T]his Court finds that it has jurisdiction to hear the plaintiff's causes of action, labeled 'federal claims,' and the supplemental state law claims. However, because the defendant is granted summary judgment on the federal claims ... this Court elects not to retain jurisdiction over the state claims."). *See also Federated Department Stores, Inc. v. Moitie,* 452 U.S. at 399 & n. 3, 101 S.Ct. 2424 (claims asserted in a prior action that was dismissed for failure to state a claim upon which relief can be granted are barred by principles of res judicata). Owens's present claims are thus barred by res judicata.

We have considered all of Owens's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.