Marcia RAFTER, Plaintiff–Appellant,

v.

Jeffrey LIDDLE, Miriam Robinson, Laurance Moy, James Batson, Andrew O'Connor, Liddle & Robinson, Liddle, O'Connor, Finkelstein & Robinson, Defendants–Appellees,

Jane Does, Defendant.

No. 07–2282–cv.

United States Court of Appeals, Second Circuit.

Aug. 13, 2008.

Marcia Rafter, pro se.

Damian A. Laugher, Winget, Spadafora & Schwartzberg, New York, NY, for Appellees.

PRESENT: Hon. REENA RAGGI, Hon. RICHARD C. WESLEY and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Plaintiff Marcia Rafter appeals from the denial of her motion to reconsider the district court's grant of summary judgment in favor of defendants. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

As an initial matter, we note that Rafter appeals only from the district court's denial of her motion for reconsideration and not from the court's grant of summary judgment in favor of defendants.[1] We review a district court's denial of a reconsideration motion for abuse of discretion. *See In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir.2003). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995); *accord In re BDC 56 LLC*, 330 F.3d at 123.

Here, Rafter is unable to point to any facts or controlling law that the district court overlooked in reaching its decision to grant summary judgment to defendants. While she attached an affidavit to her reconsideration motion that contained certain facts not in the original record, such motions are not vehicles for "taking a 'second bite at the apple,'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998), and we do not consider facts not in the record to be facts that the court "overlooked." We identify no abuse of discretion in the court's conclusion that Rafter's motion failed to meet the strict criteria for granting reconsideration.

Accordingly, the judgment denying the motion to reconsider is AFFIRMED.

---

1. While Rafter filed a notice of appeal from the district court's grant of summary judgment, that appeal was dismissed on January 4, 2007 for failure to comply with this court's rules. *See Rafter v. Liddle*, No. 06–4351–cv (2d Cir. Jan. 4, 2007). Rafter's motion to reinstate the appeal was subsequently denied.

*See Rafter v. Liddle*, No. 06–4351–cv (2d Cir. May 14, 2007).

