08-1815-cv
ATSI Communications v. The Shaar Fund, Ltd.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2008

(Submitted: September 2, 2008     Decided: October 20, 2008)

Docket No. 08-1815-cv

---------------------------------------

ATSI Communications, Inc., a Delaware Corporation,

Plaintiff,

MARYANN PERONTI, GARY M. JEWELL, and JAMES WES CHRISTIAN, CHRISTIAN SMITH & JEWELL, LLP and KOERNER, SILBERBERG & WEINER, LLP,

Appellants,

- v -

The Shaar Fund, Ltd., Levinson Capital Management, Shaar Advisory Services, N.V., Marshall Capital Services, LLC, Jesup & Lamont Structured Finance Group, RGC International Investors, LDC, Rose Glen Capital Management, L.P., MG Security Group, Inc., Corporate Capital Management, Crown Capital Corporation, InterCaribbean Services, Ltd., John Does 1-50, Kenneth E. Gardiner, Citco Funds Svcs., Iuc Hollman, W.J. Langeveld, Sam Levinson, Hugo Van Neutegem, Declan Quilligan, Nathan Lihon, Wayne Bloch, Gary Kaminsky, Steve Katznelson and SEI Investment Co.,

Defendants,

KNIGHT CAPITAL MARKETS, LLC,

Defendant-Appellee.

---------------------------------------

Before:   SACK and KATZMANN, Circuit Judges, and RAKOFF, District Judge.[*]

---

[*] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

Joint motion by the plaintiff's counsel in the district court, the appellants here, and defendant Knight Capital Markets, LLC, the appellee here, to vacate a judgment and associated orders of the United States District Court for the Southern District of New York. The district court (Lewis A. Kaplan, Judge) granted Knight's motion for monetary sanctions against plaintiff's counsel. Counsel appealed, but subsequently agreed with Knight to settle the dispute. One of the preconditions of settlement, however, is that we grant this joint application for vacatur of the district court's sanctions judgment and associated orders. The movants argue that vacatur is warranted notwithstanding U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18 (1994), which requires us, absent exceptional circumstances, to deny a motion to vacate when a party has mooted his appeal through settlement. We conclude that the U.S. Bancorp rule applies where, as here, a settlement is conditioned on such vacatur and no exceptional circumstances obtain.

Motion denied.

THORN ROSENTHAL, Cahill Gordon & Reindel LLP, New York, NY, for Appellee.

THOMAS I. SHERIDAN, III, Hanly Conroy Bierstein Sheridan Fisher & Hayes LLP, New York NY, for Appellants.

SACK, Circuit Judge:

The question presented by this motion is whether the Supreme Court's decision U.S. Bancorp Mortgage Co. v. Bonner Mall

Partnership, 513 U.S. 18 (1994) ("U.S. Bancorp"), requires us, in the absence of exceptional circumstances, to deny a joint motion to vacate a district court's judgment when the parties to the appeal have conditioned a settlement on our granting the motion. We conclude that it does and have therefore denied the motion with opinion to follow. This is that opinion.

**BACKGROUND**

ATSI Communications, Inc. brought this securities-fraud action by their counsel, the appellants here, in the United States District Court for the Southern District of New York. Knight Capital Markets, LLC, the appellee, was named as a defendant in ATSI's first amended complaint. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., No. 02 Civ. 8726(LAK), 2008 WL 850473, at *1, 2008 U.S. Dist. LEXIS 30624, at *3 (S.D.N.Y. Mar. 27, 2008). The district court (Lewis A. Kaplan, Judge) dismissed the first amended complaint without prejudice. See id.; see also ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., No. 02 Civ. 8726(LAK), 2004 WL 616123, at *4, 2004 U.S. Dist. LEXIS 5072, at *1 (S.D.N.Y. Mar. 30, 2004). ATSI filed a second and then a third amended complaint, each also naming Knight as a defendant. The district court granted the defendants' motions to dismiss the third amended complaint, this time with prejudice. See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 357 F. Supp. 2d 712, 720 (S.D.N.Y. 2005). We affirmed. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87 (2d Cir. 2007).

-3-

ATSI then settled with every defendant except Knight. Knight moved for sanctions against ATSI and ATSI's counsel pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, and Fed. R. Civ. P. 11. The district court granted that motion as against ATSI's counsel, finding that counsel had "lacked any reasonable factual basis for asserting that Knight had violated the federal securities laws." ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., No. 02 Civ. 8726(LAK), 2008 WL 850473, at *3, 2008 U.S. Dist. LEXIS 30624, at *7 (S.D.N.Y. Mar. 27, 2008). It imposed $64,656.69 (Knight's costs in defending the case) in sanctions upon counsel, jointly and severally. Id. at *4, 2008 U.S. Dist. LEXIS 30624, at *10. The court denied the sanctions motion as against ATSI. Id.

Counsel for ATSI timely appealed from the district court's sanctions judgment. Before briefing on the appeal was submitted to us, however, ATSI's counsel agreed with Knight to settle their dispute, provided we first vacate the sanctions judgment. Pursuant to that agreement, ATSI's counsel and Knight now jointly move for vacatur of the district court's judgment and two written orders associated with it.

**DISCUSSION**

I. Vacatur of District Court
    Judgments on Appeal Generally

United States Courts of Appeals have the general power to vacate "any judgment, decree, or order of a court lawfully brought before [them] for review." 28 U.S.C. § 2106. It is our

-4-

customary practice to do so "when the matter becomes moot on appeal." Associated Gen. Contractors of Conn., Inc. v. City of New Haven, 41 F.3d 62, 67 (2d Cir. 1994); see also Haley v. Pataki, 60 F.3d 137, 142 (2d Cir. 1995) (vacating preliminary injunction on appeal from the district court when the enjoined party agreed to abide by the injunction's terms). As the Supreme Court explained in U.S. Bancorp, equity can require vacatur when an application for review "is frustrated by the vagaries of circumstance . . . [or] unilateral action of the party who prevailed below." U.S. Bancorp, 513 U.S. at 25. In such circumstances, where the matter becomes moot by "'happenstance,'" "[a] party who seeks review of the merits of an adverse ruling . . . ought not in fairness be forced to acquiesce in the judgment." Id. (quoting United States v. Munsingwear, Inc., 340 U.S. 36, 40 (1950)); see also Associated Gen. Contractors, 41 F.3d at 67 ("A party should not suffer the adverse res judicata effects of a district court judgment when it is denied the benefit of appellate review through no fault of its own.").

II. The U.S. Bancorp Rule

The Supreme Court held in U.S. Bancorp, however, that equity will ordinarily disentitle a party to vacatur "[w]here mootness results from settlement." U.S. Bancorp, 513 U.S. at 25. There, the Court denied the petitioner's motion to vacate a court of appeals judgment (and thereby the underlying district court judgment) when the petitioner settled the case after certiorari was granted. The Court reasoned that, by settling,

> the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur. The judgment is not unreviewable, but simply unreviewed by his own choice. The denial of vacatur is merely one application of the principle that a suitor's conduct in relation to the matter at hand may disentitle him to the relief he seeks.

Id. (citation, internal quotation marks, and brackets omitted).

The Court continued:

> It is petitioner's burden, as the party seeking relief from the status quo of the appellate judgment, to demonstrate not merely equivalent responsibility for the mootness, but equitable entitlement to the extraordinary remedy of vacatur. Petitioner's voluntary forfeiture of review constitutes a failure of equity that makes the burden decisive, whatever respondent's share in the mooting of the case might have been.

Id. at 26. Nonetheless, because the remedy is an equitable one, "exceptional circumstances may conceivably counsel in favor of [vacatur]." Id. at 29.

The U.S. Bancorp Court based its holding in part on its observation that denying vacatur after settlement advances "the public interest" in preserving judicial precedent and the proper course of appellate procedure. Id. at 26-27. Although vacatur in cases that become moot on appeal endangers both these values, we have observed that the value of precedent, "an important consideration when a case becomes moot before the Supreme Court," is "less compelling" when, as here, the judgment to be vacated is one of a federal district court. Russman v. Bd. of Educ., 260

-6-

F.3d 114, 122 n.2 (2d Cir. 2001).  District court decisions, unlike the decisions of States' highest courts and federal courts of appeals, are not precedential in the technical sense: they have collateral estoppel,[1] res judicata,[2] and "law of the case"[3] effects, but create no rule of law binding on other courts.[4]

---

[1] "The fundamental notion of the doctrine of collateral estoppel, or issue preclusion, is that an issue of law or fact actually litigated and decided by a court of competent jurisdiction in a prior action may not be relitigated in a subsequent suit between the same parties or their privies." Ali v. Mukasey, 529 F.3d 478, 489 (2d Cir. 2008) (citations, internal quotation marks, and emphasis omitted).

[2] "The doctrine of res judicata, or claim preclusion, holds that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Monahan v. New York City Dep't of Corr., 214 F.3d 275, 284 (2d Cir. 2000), cert. denied, 531 U.S. 1035 (2000) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980) (internal quotation marks omitted)).

[3]
> The law of the case doctrine [in the sense relevant to this discussion], while not binding, counsels a court against revisiting its prior rulings in subsequent stages of the same case absent cogent and compelling reasons such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.

Ali, 529 F.3d at 490 (citation and internal quotation marks omitted).

[4] "'The doctrine of stare decisis does not compel one district court judge to follow the decision of another.'" Threadgill v. Armstrong World Indus., Inc., 928 F.2d 1366, 1371 & n.7 (3d Cir. 1991) (quoting State Farm Mut. Auto. Ins. Co. v. Bates, 542 F. Supp. 807, 816 (N.D. Ga. 1982), and citing "[f]or similar statements of the law," Colby v. J.C. Penney Co., 811 F.2d 1119, 1124 (7th Cir. 1987); United States v. Article of Drugs Consisting of 203 Paper Bags, 818 F.2d 569, 572 (7th Cir. 1987); Starbuck v. City and County of San Francisco, 556 F.2d 450, 457 n.13 (9th Cir. 1977); Farley v. Farley, 481 F.2d 1009

-7-

The Supreme Court did not discuss the precedential nature of a district court's decision in U.S. Bancorp. It did, however, instruct that the rule of U.S. Bancorp is applicable to federal courts of appeals. See 513 U.S. at 28. So we must apply the rule, as U.S. Bancorp did, in part to advance the interest in preserving orders and judgments,[5] even though the orders and judgments in question are at most persuasive precedents, not binding as are ours.[6]

---

(3d Cir. 1973); and EEOC v. Pan Am. World Airways, 576 F. Supp. 1530, 1535 (S.D.N.Y. 1984)). "Where a second judge believes that a different result may obtain, independent analysis is appropriate." Threadgill, 928 F.2d at 1371.

[5] Insofar as it is the practice of publishers of decisions of United States courts to withdraw from publication decisions that have been vacated, vacatur does have the effect, in a concrete and practical way, of removing them from the reservoir of legal thought upon which the bench and bar can subsequently draw. See Penelope Pether, Inequitable Injunctions: The Scandal of Private Judging in the U.S. Courts, 56 Stan. L. Rev. 1435, 1468 (2004) ("LEXIS, Westlaw, and West have similar policies . . . and will usually remove cases that are vacated and do not appear in the official reporters" (footnote and internal quotation marks omitted)); Jill E. Fisch, Rewriting History: The Propriety of Eradicating Prior Decisional Law Through Settlement and Vacatur, 76 Cornell L. Rev. 589, 620 n.163 (1991) (providing example of West, upon a court's request, withdrawing a vacated opinion "from the bound volume[s]").

[6] We sometimes elide the distinction. See, e.g., Doe v. Gonzales, 449 F.3d 415, 420-21 (2d Cir. 2006) (denying application to vacate district court ruling because "[j]udicial precedents are presumptively correct and valuable to the legal community as a whole" (quoting U.S. Bancorp, 513 U.S. at 26)).

-8-

III.  The U.S. Bancorp Principles Applied

A.  The General Principles

The principles set forth in U.S. Bancorp determine the result in this case.  Here, ATSI's counsel initially sought review of an adverse lower-court judgment, as did the petitioner in U.S. Bancorp.  Here, ATSI's counsel subsequently agreed to settle with their adversary, as did the petitioner in U.S. Bancorp.  And here, ATSI's counsel have applied for vacatur after executing that settlement, as did the petitioner in U.S. Bancorp.  Like the petitioner in U.S. Bancorp, ATSI's counsel are seeking voluntarily to forfeit their right to review.  The parties nonetheless argue that the U.S. Bancorp rule does not apply here.  They contend that we may vacate the sanctions judgment because, unlike in U.S. Bancorp, the consummation of the parties' settlement is conditioned upon vacatur, and therefore ATSI counsel have not (yet) forfeited their right to review of the sanctions decision.

We disagree.  Assuming no "exceptional circumstances" counseling us to depart from the general rule, had the settlement agreement provided that the parties were bound to seek vacatur in this Court, it would be governed by U.S. Bancorp.  U.S. Bancorp, 513 U.S. at 29 ("[T]he mere fact that the settlement agreement provides for vacatur . . . neither diminishes the voluntariness of the abandonment of review nor alters any of the policy considerations we have discussed.").  We would therefore decline to vacate the district court's judgment.  The parties cannot

-9-

change that result by sleight of the draftsman's hand -- making the settlement contingent upon, rather than in contemplation of, vacatur. Unlike a motion made after settlement is complete, the appeal in this case is not yet moot. But it would become moot were we to grant the vacatur, once the remaining terms of the settlement agreement were complied with. The contingent nature of the settlement does not alter the equitable calculus: "[T]he losing part[ies are still] voluntarily forfeit[ing their] legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering [their] claim to the equitable remedy of vacatur." Id. at 25.

Denial of vacatur here, despite the possibility that the parties' settlement efforts may fail as a result, nonetheless advances "the public interest" in preserving judicial precedent (subject to the qualifications about district court precedent set forth above) and the proper course of appellate procedure. Id. at 26-27; see also In re Mem'l Hosp. of Iowa County, Inc., 862 F.2d 1299, 1302 (7th Cir. 1988) ("[T]he judicial system ought not allow the social value of [a] precedent, created at cost to the public and other litigants, to be a bargaining chip in the process of settlement. The precedent, a public act of a public official, is not the parties' property."). We therefore conclude, as we have before by way of a dictum, that a "[s]ettlement [a]greement which [is] contingent on the vacatur of [a prior] district court judgment" is "held to be invalid in nearly all circumstances by the Supreme Court [in U.S. Bancorp]."

-10-

In re Tamoxifen Citrate Antitrust Litig., 466 F.3d 187, 194 (2d Cir. 2006) (emphasis omitted), cert. denied, 127 S. Ct. 3001 (2007).

B.  "Exceptional Circumstances"

The parties argue, in an attempt to establish "exceptional circumstances" under U.S. Bancorp and Microsoft Corp. v. Bristol Technology, Inc., 250 F.3d 152 (2d Cir. 2001) (per curiam), that "[t]he district court's decision does not purport to make new law; it merely applies existing law to the unique facts of this case.  Thus, the public has no interest in the [district court's] Judgment and [its] Orders in terms of the development of the decisional law."  Memorandum of Law in Support of Joint Motion to Vacate, filed July 17, 2008, at 4.  But the parties describe precisely what it is that federal district courts ordinarily do.  As we have noted, district courts do not, by deciding cases, create law; they apply it.  Nor is there anything in U.S. Bancorp to suggest that, at the request of the parties, we are supposed to examine a district court decision and vacate it when we do not think it to be of particular importance.  See 513 U.S. at 28 ("We again assert the inappropriateness of disposing of cases, whose merits are beyond judicial power to consider, on the basis of judicial estimates regarding their merits.").

In any event, we would be hard pressed to conclude that the judgment here, sanctioning lawyers appearing before a United States District Court, is insignificant.  And it is precisely to

-11-

avoid the public's scrutiny of the sanctions that ATSI's counsel seeks vacatur.

The parties have not established "exceptional circumstances."

#### IV. The Request for a Direction That the District Court's Orders Be "Depublished"

As part of their effort to erase all vestiges of the district court's judgment, the parties also ask us for an order "[a]dvising all official or unofficial publishers of the [district court's two] orders [associated with that judgment], including West Publishing Co., BNA, WESTLAW and LexisNexis[,] that said orders have been vacated and directing the publishers to remove said orders from any publication and/or computer database in which they now appear." (Thomas I. Sheridan III Decl. ¶ 3(d), July 17, 2008.) We note the extraordinary nature of a request to require privately owned and operated publishers to discontinue publishing public records, raising as it would serious constitutional questions. See Gambale v. Deutsche Bank AG, 377 F.3d 133, 144 (2d Cir. 2004); Lowenschuss v. West Publ'g Co., 542 F.2d 180, 185-86 (3d Cir. 1976); Cox Broadcasting Corp. v. Cohn, 420 U.S. 469, 492-93 (1975); Craig v. Harney, 331 U.S. 367, 374 (1947). Because we deny the motion to vacate, however, we are not required to decide this issue.

#### CONCLUSION

We conclude that the general rule governing a court of appeals' vacatur of a district court's judgment after the case

-12-

has been settled applies when, as here, the settlement is, by its terms, conditioned upon vacatur.  "[T]he Supreme Court held in [U.S. Bancorp] that private parties may not dictate to a federal court when to vacate another court's judgment."  Hoeft v. MVL Group, Inc., 343 F.3d 57, 65 (2d Cir. 2003), overruled on other grounds by Hall St. Assocs. v. Mattel, Inc., 128 S. Ct. 1396, 1403-04 (2008).  They cannot do so here.

The joint motion to vacate is denied.