**Barbara Ann CHILLE, a/k/a Barbara Ann McMillin, Plaintiff–Appellant,**

v.

**UNITED AIRLINES, INC., Defendant–Appellee.**

No. 06–4223–cv.

United States Court of Appeals, Second Circuit.

May 27, 2009.

Barbara Ann Chille, pro se, Rochester, NY, for Appellant.

Paul Galligan, Seyfarth Shaw LLP, New York, NY, for Appellee.

PRESENT: Hon. AMALYA L. KEARSE, Hon. ROBERT D. SACK and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Barbara Ann Chille appeals from the August 9, 2006, judgment of the United States District Court for the Western District of New York (David G. Larimer, *Judge*) dismissing her complaint. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

Chille argues on appeal that Section 523(a)(6) of the Bankruptcy Code should apply to corporate, as well as individual, debtors. *See* 11 U.S.C. § 523(a)(6). This claim was addressed and rejected by the Bankruptcy Court in the Northern District of Illinois, however, in connection with

United's reorganization proceedings. That court specifically held, following Chille's submission to the contrary, that "[c]orporate chapter 11 cases are not subject to exceptions to discharge, and hence it would serve no purpose to extend the time for filing a complaint to determine dischargeability." It appears that Chille never appealed that decision, which therefore now binds her here. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 547 F.3d 109, 112 n. 1 (2d Cir.2008) (" 'The fundamental notion of the doctrine of collateral estoppel, or issue preclusion, is that an issue of law or fact actually litigated and decided by a court of competent jurisdiction in a prior action may not be relitigated in a subsequent suit between the same parties or their privies.' ").

Chille's remaining arguments either were not raised in the district court or are otherwise without merit. This Court generally does not consider arguments raised for the first time on appeal, *see Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 103 (2d Cir.2004), or barred by the doctrine of *res judicata, see ATSI Commc'ns*, 547 F.3d at 112 n. 2 (" 'The doctrine of *res judicata,* or claim preclusion, holds that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.' ").

Accordingly, the judgment of the district court is hereby AFFIRMED.

---

* The Honorable Debra Ann Livingston, who was originally assigned to the panel for this appeal, recused herself and did not participate. The appeal was heard and decided by the panel's remaining two judges pursuant to this Court's Local Rule § 0.14(b).