**Yemisi AKINYEMI, Plaintiff–Appellant,**

**v.**

**Janet NAPOLITANO,[1] Secretary, Department of Homeland Security, Defendant–Appellant.**

No. 08–4094–cv.

United States Court of Appeals, Second Circuit.

Aug. 17, 2009.

**1.** Secretary Napolitano is substituted for her predecessor in office, former Secretary Michael Chertoff, pursuant to Federal Rule of Appellate Procedure 43(c)(2).

K.C. Okoli, Law Offices of K.C. Okoli, P.C., New York, NY, for Appellant.

John D. Clopper, Assistant United States Attorney for the Southern District of New York, of counsel to Lev L. Dassin, Acting United States Attorney for the Southern District of New York (Ross E. Morrison, on the brief), New York, NY, for Appellee.

Present: JOSEPH M. McLAUGHLIN, ROSEMARY S. POOLER, and REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Yemisi Akinyemi, an American citizen of Nigerian origin, appeals from a judgment dismissing her employment discrimination complaint against her former employer, United States Customs and Border Protection ("CBP"), a component of the Department of Homeland Security, pursuant to a

jury verdict. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

■■■ We review the district court's challenged evidentiary rulings for abuse of discretion and hold that the district court acted well within its discretion in making each of these rulings. *See Arlio v. Lively*, 474 F.3d 46, 51 (2d Cir.2007). First, the district court properly excluded evidence concerning the misconduct and subsequent discipline of fellow employee, Jolanta Gluba, because Gluba's negligence was not of comparable seriousness to Akinyemi's intentional misconduct. *See Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 567–68 (2d Cir. 2000) (affirming grant of summary judgment where plaintiff was terminated for a physical assault, her putative comparator was not terminated for a verbal assault). Second, the district court properly excluded proof concerning nine unnamed comparators who were not identified by race or national origin. *See Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir.2000) (holding that in order to create an inference of discrimination, differently treated comparators must not be members of the plaintiff's protected group). Although Akinyemi subsequently offered evidence of the race of some of the comparators, the district court properly adhered to the law of the case because Akinyemi offered no proof that this evidence was not available earlier and gave the court no other reason to deviate from its prior ruling. *See ATSI Commc'ns v. Shaar Fund, Ltd.*, 547 F.3d 109, 112 n. 3 (2d Cir.2008). Testimony by one CBP officer that there had been profiling of Nigerian passengers but not of employees was also properly excluded because the risk of prejudice and the time required for both parties to offer evidence on this point far outweighed its tangential relevance to employment discrimination. *See* Fed.R.Evid. 403. Finally, portions of an investigative report related to Gluba and the unnamed comparators were properly excluded for the same reasons that any direct evidence concerning these individuals was properly excluded.

■■■ Based on a footnote in the district court's summary judgment decision indicating that, even though Akinyemi's case survived summary judgment, it was weak, and one colloquy during trial, Akinyemi accuses the district court of bias. "Reversal for judicial bias is appropriate only where an examination of the entire record demonstrates that the jurors have been impressed with the trial judge's partiality to one side to the point that this became a factor in the determination of the jury." *United States v. Mulder*, 273 F.3d 91, 109 (2d Cir.2001) (quoting *United States v. Salameh*, 152 F.3d 88, 128 (2d Cir.1998)). The jury did not see the summary judgment ruling and accordingly could have formed no perception based on it. And the colloquy was both not improper and quite short in the context of the entire trial.

■■■ Finally, there was no error in the district court's refusal to give two charges that Akinyemi requested. A charge allowing the jury to draw an adverse inference against CBP from a non-party witness's invocation of her Fifth Amendment privilege against self-incrimination was not required because (1) the witness, although an employee of CBP, was a very low level employee; (2) the witness had no control over the key facts and issues in the litigation; (3) there was no showing that the witness was "pragmatically a noncaptioned party in interest"; and (4) there was insufficient information to determine that an adverse inference against CBP would have been "trustworthy under all of the circumstances." *LiButti v. United States*, 107 F.3d 110, 123–24 (2d Cir.1997). Akinyemi also requested that the court instruct the

608

jury that it could draw an adverse inference from the non-production of a document that a CBP witness believed—but was not certain—existed. Because Akinyemi offered no proof that (1) any such document was destroyed or encompassed within a discovery request that she made but not produced, or (2) CBP had a culpable state of mind with respect to any action or inaction concerning the putative document, the district court's refusal was proper. *See Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir.2002).

We, therefore, affirm the judgment of the district court.