**Marcia RAFTER, Plaintiff,**

v.

**Jeffrey LIDDLE, et al., Defendants.**

**No. 08 Civ. 7656 (VM).**

United States District Court, S.D. New York.

March 30, 2010.

**372**

Marcia Rafter, Denver, CO, pro se.

Kenneth Andrew McLellan, Robyn Leigh Silvermintz, Winget Spadafora & Schwartzberg, LLP, New York, NY, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Pro se plaintiff Marcia Rafter ("Rafter") brought the complaint in this action on August 29, 2008 (the "Complaint"), asserting numerous state and federal causes of action against her former attorneys, Jeffrey Liddle ("Liddle"), Miriam Robinson ("Robinson"), and James Batson ("Batson"), as well as the law firm Liddle & Robinson, LLP ("L & R"), successor in interest to Liddle, O'Connor, Finkelstein and Robinson (collectively, "Defendants"). Defendants now move to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"). For the reasons set forth below, the Court GRANTS the motion.

### I. BACKGROUND

On April 29, 2005, Rafter, proceeding pro se, brought an action in the Southern District of New York, No. 05 CV 4296 (the "Previous Action"), alleging nineteen claims against Defendants arising out of Defendants' legal representation of her in an employment discrimination case (the "Employment Case"); the Previous Action was assigned to the Honorable Thomas Griesa. By Decision and Order dated August 4, 2006 (the "August 2006 Decision"), Judge Griesa granted Defendants' motion for summary judgment on all nineteen claims.[1] The facts underlying the Previ-

---

1. The August 2006 Decision is available at *Rafter v. Liddle*, No. 05 CV 4296, 2006 WL 2255093 (S.D.N.Y. Aug. 4, 2006). The amended complaint in the Previous Action alleged the following 19 claims arising out of Defendants' legal representation: (1) violation of and conspiracy to violate RICO, 18 U.S.C. § 1961; (2) legal malpractice; (3) negligence; (4) incompetence; (5) fraud; (6) breach of contract; (7) harassment; (8) intentional in-fliction of emotional distress; (9) perjury; (10) defamation; (11) loss of income; (12) defendants' caused irreparable harm; (13) breach of fiduciary duty; (14) breach of right to privacy; (15) obstruction of justice; (16) continuing wrongs and continuing violations; (17) breach of contract; (18) violation of § 487 of the New York State Judiciary Law; and (19) violation of Client Bill of Rights and attorney misconduct. *See id.* at *5.

ous Action, which are virtually identical to those underlying this action, are set forth in the August 2006 Decision and Order, familiarity with which is assumed. The Court will briefly review the facts and procedural background relevant to this motion to dismiss.[2]

Rafter's relationship with Defendants began in 1989, when she hired L & R to represent her in the Employment Case initiated in New York state court. Defendants represented Rafter for approximately ten years but did not bring the Employment Case to a resolution, either via trial or settlement. In 1999, Rafter terminated L & R and there was some dispute about whether a fee lien should attach to Rafter's still-unresolved Employment Case. In 2002, with the Employment Case still unresolved, Rafter retained a new law firm, Kelly & Balber, LLP ("K & B"). L & R and K & B, with Rafter's consent, executed a written agreement on July 12, 2002 ("the 2002 Agreement") that governed the distribution of any legal fees resulting from a favorable resolution of the Employment Case. The 2002 Agreement stated that "[i]n consideration of this agreement, Liddle & Robinson agrees to provide reasonable assistance to Kelly & Balber, LLP in its preparation for trial." (Complaint, Ex. A.)

In September 2002, the Employment Case settled, and pursuant to the 2002 Agreement, Rafter sent Defendants a check in the amount of $149,114.12 for the remaining unpaid portion of L & R's disbursements and attorneys' fees.

Following the August 2006 Decision, Rafter moved for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. As part of her motion for reconsideration, Rafter alleged that L & R had breached the 2002 Agreement.[3] By Order dated March 19, 2007 ("March 2007 Order"), and without expressly addressing the 2002 Agreement, the district court denied Rafter's motion for reconsideration.[4] Rafter appealed the Court's March 2007 Order to the Court of Appeals for the Second Circuit. By summary order dated August 13, 2008, the Circuit Court denied the appeal.[5]

On August 29, 2008, again proceeding pro se, Rafter brought the instant suit, alleging nineteen claims, including the following seventeen claims arising out of L & R's representation in the 1990s: (1) a claim under RICO; (2) legal malpractice; (3) negligence; (4) incompetence; (5) harassment and humiliation; (6) intentional infliction of emotional distress; (7) perjury; (8) defamation; (9) loss of income;

---

**2.** The facts below are taken from the Complaint, which the Court accepts as true for the purpose of ruling on a motion to dismiss. *See Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 180 (2d Cir.2008) (*citing GICC Capital Corp. v. Technology Fin. Group, Inc.*, 67 F.3d 463, 465 (2d Cir.1995)). The Court also relies on the August 2006 Decision and the public record of that case located in the Court's public docket. "It is well establish that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6)." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998).

**3.** The Court notes that Rafter contends that she moved to amend her complaint in the

Previous Action to include claims arising out of the 2002 Agreement, but that her motion was denied by Judge Griesa. Upon review of the record in the Previous Action, the Court finds no indication that Rafter, in fact, moved to amend her complaint and finds that such a claim was raised for the first time in Rafter's Rule 59(e) motion.

**4.** The district court's March 2007 Order is available at *Rafter v. Liddle,* No. 05 CV 4296, 2007 WL 853225 (S.D.N.Y. Mar. 19, 2007).

**5.** The Second Circuit's order is available at *Rafter v. Liddle,* 288 Fed.Appx. 768 (2d Cir. 2008).

(10) irreparable harm; (11) breach of fiduciary duty; (12) breach of right to privacy; (13) obstruction of justice; (14) continuing wrongs and violations; (15) breach of contract; (16) a violation of § 487 of New York State Judiciary Law; and (17) a violation of the Client Bill of Rights (collectively, the "1990s claims"). The 1990s claims duplicate those in the Previous Action. In addition, Rafter alleges fraud and breach of contract claims arising out of the 2002 Agreement (the "2002 Claims").

## II.  DISCUSSION

Defendants now move to dismiss the Complaint pursuant to Rule 12(b)(6), asserting that (1) Rafter's claims are precluded by the doctrine of res judicata; (2) Rafter's claims are time-barred under the applicable statutes of limitation; and (3) Rafter fails to state a cause of action under RICO. For the reasons discussed below, the Court grants Defendants' motion.

### A.  LEGAL STANDARD

Dismissal pursuant to Rule 12(b)(6) is appropriate if the plaintiff has failed to offer sufficient factual allegations to make the asserted claim plausible on its face. See Ashcroft v. Iqbal, —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). A court should not dismiss a complaint for failure to state a claim if the factual allegations sufficiently "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The task of the court in ruling on a motion to dismiss is to "assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." In re Initial Publ. Offering Sec. Litig., 383 F.Supp.2d 566, 574 (S.D.N.Y.2005) (quotation marks and citation omitted). For the purposes of deciding a motion to dismiss, the Court accepts the factual allegations in a complaint as true and draws all reasonable inferences in the plaintiff's favor. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir.2002).

In the case of a pro se litigant, the Court reads the pleadings leniently and holds them "to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). However, even pro se plaintiffs cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a "right to relief above the speculative level." Twombly, 550 U.S. at 555, 127 S.Ct. 1955.

### B.  PRECLUSION

Defendants assert that Rafter's claims are precluded by the August 2006 Decision and Order.

■ As an initial matter, the Court will examine whether New York or federal preclusion law (also referred to as res judicata) applies. In the Previous Action, the district court exercised diversity jurisdiction. See Rafter, 2006 WL 2255093, at *6.[6] Where a decision "claimed to have preclusive effect was rendered by a district court sitting in diversity, [a federal court will] apply the preclusion law 'that would be applied by state courts in the State in which the federal diversity court sits.'"

---

**6.** In the Previous Action (as in this case), Rafter asserted several state law claims in addition to one federal cause of action under RICO. The Court may thus have had federal question jurisdiction over that claim. Nonetheless, because New York and federal preclusion law are materially the same, it is irrelevant for the purposes of this motion whether the Court applies federal or state principles of preclusion to the RICO claim. See Algonquin Power Income Fund v. Christine Falls of N.Y., Inc., 362 Fed.Appx. 151, 153–54 (2d Cir. 2010).

*Algonquin Power,* 362 Fed.Appx. at 154 (*quoting Semtek Int'l Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 508, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001)); *see also Smith v. Woosley,* 399 F.3d 428, 435–36 (2d Cir.2005). Yet, "there is no discernible difference between federal and New York law concerning res judicata and collateral estoppel." *Algonquin Power,* 362 Fed. Appx. at 154 (*quoting Marvel Characters, Inc. v. Simon,* 310 F.3d 280, 286 (2d Cir. 2002)); *accord Pike v. Freeman,* 266 F.3d 78, 91 n. 14 (2d Cir.2001) ("[T]here appears to be no significant difference between New York preclusion law and federal preclusion law. . . ."). Therefore, the Court will apply federal preclusion law to evaluate Rafter's claims.

■ The doctrine of claim preclusion "holds that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *ATSI Commc'ns Inc. v. Shaar Fund, Ltd.,* 547 F.3d 109, 112 n. 2 (2d Cir.2008) (*quoting Monahan v. New York City Dep't of Corr.,* 214 F.3d 275, 284 (2d Cir.2000)). However, the phrase "could have been raised" in this context does not mean literally any claim that might have been joined in the initial action. Instead, the previous judgment extinguishes only those rights of the plaintiff to remedies against the defendant with respect to "the transaction, or series of connected transactions, out of which the [first] action arose." *Maharaj v. Bankamerica Corp.,* 128 F.3d 94, 97 (2d Cir.1997) (*quoting* Restatement (Second) of Judgments § 24(1) (1982)); *accord Landau v. LaRossa, Mitchell & Ross,* 11 N.Y.3d 8, 862 N.Y.S.2d 316, 892 N.E.2d 380, 383 n. 2 (2008) (*quoting* Restatement test).

■ Defendants assert that the doctrine of res judicata bars Rafter's 1990s Claims. "The doctrine of res judicata 'bars later litigation if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action.'" *Esquire Trade & Finance, Inc. v. CBQ, Inc.,* 562 F.3d 516, 520 (2d Cir. 2009) (*quoting EDP Med. Computer Sys., Inc. v. United States,* 480 F.3d 621, 624 (2d Cir.2007)).

■ As to the first element, the August 2006 Decision granted Defendants' summary judgment on all of Rafter's claims. It is well-established that summary judgment is an adjudication on the merits for res judicata purposes. *See Weston Funding Corp. v. Lafayette Towers, Inc.,* 550 F.2d 710, 712–15 (2d Cir.1977); *see also Owens v. Shamenek,* 2 Fed.Appx. 228, 230 (2d Cir.2001) (summary order).

On the second element, neither party contests that the district court properly exercised diversity jurisdiction over the Previous Action.

Third, the parties to the instant dispute are virtually identical to those in the Previous Action. As described above, Rafter brought nineteen claims against Defendants in the Previous Action.[7]

The fourth and final element requires two questions to be resolved: first, whether the Previous Action decided any of the causes of action at issue in this case; and second, whether any issues not decided in the Previous Action are nonetheless precluded because they arise out of the same "transaction, or series of connected transactions" as the Previous Action. *Maharaj,* 128 F.3d at 97.

---

**7.** Also named as defendants in the Previous Action (but not in the instant action) were

Laurence Moy and several John and Jane Does.

### 1. *The 1990s Claims*

■ A comparison of the Complaint and the August 2006 Decision and Order reveals that, with the exception of the 2002 Claims, all of Rafter's claims were already decided in Defendants' favor in the Previous Action. Accordingly, the Court finds that the 1990s claims are barred by the doctrine of res judicata and grants Defendants' motion to dismiss those claims.

### 2. *The 2002 Claims*

■■ Aside from the precluded 1990s Claims, Rafter asserts the 2002 Claims: fraud and breach of contract claims arising out of the 2002 Agreement. As an initial matter, the Court notes that these two claims are duplicative. New York State law holds that where "the alleged fraud is indistinguishable from the breach of contract, no fraud cause of action arises." *Todd v. Grandoe Corp.*, 302 A.D.2d 789, 756 N.Y.S.2d 658, 661 (3d Dep't 2003) (collecting cases); *see also Ross v. DeLorenzo*, 28 A.D.3d 631, 813 N.Y.S.2d 756, 760–61 (2d Dep't 2006). What remains in the action is then Rafter's breach of contract claim.

As Rafter rightly notes, neither the August 2006 Decision and Order nor the March 2007 Order in the Previous Action mentions the 2002 Claims. However, as discussed above, claim preclusion extends beyond those issues that were actually litigated; it encompasses "issues that were or could have been raised in [the first] action," *ATSI Commc'ns*, 547 F.3d at 112 n. 2, provided that those issues spring from the same "transaction, or series of connected transactions." *Maharaj*, 128 F.3d at 97 (*quoting* Restatement § 24(1)).

Here, Rafter's 2002 Claims arose out a settlement agreement relating to L & R's representation of Rafter in the Employment Case. Although at least three years elapsed between the alleged conduct that gave rise to the 1990s Claims and the 2002 Claims, the Court finds that, for the purposes of claim preclusion, the transactions are sufficiently related in time, origin and motivation. *See Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 90–91 (2d Cir.1997) ("To ascertain whether two actions spring from the same 'transaction' or 'claim,' we look to whether the underlying facts are 'related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'" (*quoting* Restatement § 24(2))); *accord Xiao Yang Chen v. Fischer*, 6 N.Y.3d 94, 810 N.Y.S.2d 96, 843 N.E.2d 723, 725–26 & n. 3 (2005) (applying Restatement § 24(2) test); *Ferris v. Cuevas*, 118 F.3d 122, 126 (2d Cir.1997) (collecting New York authorities). As described in the August 2006 Decision, the 2002 Agreement represented the culmination of the business relationship between Rafter and L & R arising out of the Employment Case. *See Rafter*, 2006 WL 2255093, at *4. The Court finds it reasonable that the parties would have expected to resolve all claims related to the Employment Case in a single suit. The 2002 Claims spring from the same "transaction, or series of connected transactions" as those underlying the 1990s Claims. *Maharaj*, 128 F.3d at 97. Accordingly, the Court finds that the 2002 Claims are precluded by the Previous Action.

### B. *STATUTE OF LIMITATIONS*

■ Even if Rafter's 2002 Claims are not precluded by res judicata, they are time-barred under the applicable New York statute of limitations. Pursuant to N.Y. C.P.L.R. § 214(6), the statute of limitations for an action to recover damages for legal malpractice is three years from the time of accrual, "regardless of whether the underlying theory is based in contract or tort." *Id.*; *see also Kinberg v. Garr*,

No. 20612/2006, 17 Misc.3d 1116(A), 2007 WL 3037550, at *2 (N.Y.Sup.Ct. Oct. 11, 2007). Since Rafter's 2002 Claims, while cast in contract, are essentially that Defendants failed to perform legal services under a retainer agreement, they are governed by the three-year statute of limitations applicable to legal malpractice claims. *See In re R.M. Kliment & Frances Halsband, Architects,* 3 N.Y.3d 538, 788 N.Y.S.2d 648, 821 N.E.2d 952, 954–55 (2004).

Here, the limitations period began to run when the Employment Case was settled in September 2002. *See Kerbein v. Hutchison,* 30 A.D.3d 730, 816 N.Y.S.2d 591, 592–93 (3rd Dep't 2006) (finding that limitations period on legal malpractice claim started to run when settlement agreement became final). The limitations period thus ended in September 2005, and the 2002 Claims, first brought in August 2008, are time-barred.

## C. *FRAUDULENT CONCEALMENT*

■ Rafter argues that she could not have raised the 2002 Claims in the Previous Action, and presumably would also argue that she could not have raised the 2002 Claims prior to the end of the applicable limitations period, because she learned of Defendants' breach of the 2002 Agreement only in 2006, over a year after she brought the Previous Action. (*See* Complaint ¶ 3; Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss, dated January 19, 2010, at 1–5, 23–24, 39–44.) In essence, Rafter alleges that Defendants fraudulently concealed their failure to perform under the 2002 Agreement until 2006, and thus (1) the fraudulent concealment exception to the doctrine of res judicata applies; and (2) Defendants are equitably estopped from raising the statute of limitations as a defense. The Court is not persuaded.

■ "As a general rule, newly discovered evidence does not preclude the application of res judicata. Exceptions to this rule exist when the evidence was either fraudulently concealed or when it could not have been discovered with due diligence." *In re Layo,* 460 F.3d 289, 292–93 (2d Cir.2006) (*quoting Saud v. Bank of N.Y.,* 929 F.2d 916, 920 (2d Cir. 1991)). Similarly, under New York law, fraudulent concealment tolls the running of the statute of limitations until such time as the plaintiff discovers the fraud, or could with reasonable diligence have discovered it. *See* N.Y. C.P.L.R. § 213(8); *see also Smith v. Smith,* 830 F.2d 11, 13 (2d Cir.1987) ("The doctrine of equitable estoppel usually comes into play when some conduct by a defendant after his initial wrongdoing has prevented the plaintiff from discovering or suing upon the initial wrong"); *Abercrombie v. Andrew Coll.,* 438 F.Supp.2d 243, 265–67 (S.D.N.Y.2006) ("[A] party seeking to avoid the bar of the statute [of limitations] on account of fraud must aver and show that he used due diligence to detect it...."). The Court will thus evaluate whether Rafter's allegations of fraudulent concealment bar application of either the doctrine of claim preclusion or the three-year statute of limitations to the 2002 Claims.

Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure ("Rule 9(b)"), "a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). Upon review of Rafter's pleadings, the Court finds that Rafter has not pled fraud with the particularity required by Rule 9(b). To the contrary, Rafter's allegations of fraud against Defendants are general, conclusory, and unsupported by factual underpinnings. (*See* Complaint ¶ 3.) Given that Rafter is proceeding pro se, the Court considers her pleadings leniently, but nonetheless finds

that Rafter has not alleged with any particularity what Defendants did to conceal any material information from Rafter, or why she was unable to discover Defendants' actions arising out of the 2002 Agreement until 2006. Accordingly, the Court finds that Rafter has not pled sufficient facts to support a claim of fraudulent concealment.

In fact, the Court finds that any invocation of the defense of fraudulent concealment appears implausible here. The 2002 Claims arise out of an alleged breach involving L & R's agreement to provide legal services in support of Rafter's new law firm, K & B. As a result, at all times during the period for which Rafter claims ignorance of the breach—between September 2002 and September 2005–Rafter could have likely discovered the breach by simply asking K & B whether L & R had assisted K & B, as provided for in the 2002 Agreement. If Rafter could have discovered the breach with minimal diligence, neither the doctrine of equitable estoppel nor the fraud exception to claim preclusion apply.

### III. *LEAVE TO AMEND*

Although a court "should freely give leave" to amend "when justice so requires," Fed.R.Civ.P. 15(a)(2), "it is within the sound discretion of the district court to grant or deny leave to amend. A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir.2007) (citations omitted). Moreover, the Court considers that Rafter has already litigated the essence of her complaint against Defendants in two separate actions now spanning five years, the first of which went up to an appeal to the Circuit Court, and that some of the facts underlying her claims date back almost twenty years. To allow further proceedings of this action would be greatly inequitable to Defendants, who have prevailed in both rounds of the extensive litigation to date and who, because Rafter appears pro se, bear a disproportionate burden of any out-of-pocket costs. As a result, the Court denies Rafter leave to amend.

### IV. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 10) of defendants Jeffrey Liddle, Miriam Robinson, James Batson, and Liddle & Robinson, LLP to dismiss the complaint of plaintiff Marcia Rafter herein is GRANTED.

The Clerk of the Court is directed to withdraw any pending motions and to close this case.

**SO ORDERED.**